## J. W. URQUHART v. J. N. SMITH.

### *Error from Johnson County.*

1.  ATTACHMENT: MOTION TO DISCHARGE.—Where, upon a motion to discharge an attachment affidavits are read and oral evidence is submitted tending to prove all the facts necessary to sustain the attachment, and thereupon the court refuses to grant such motion, a reviewing court will not disturb such ruling.*

2.  ID.—In such case it is not necessary for a reviewing court to say that such decision was absolutely correct; it is sufficient that it does not appear that it was clearly erroneous.

3.  ID: EXEMPT PROPERTY.—Where upon an order of attachment, property has been seized which is by law exempt from such seizure, and such fact has been properly brought to the notice of the court from which such attachment has issued, as upon a motion to discharge such property on the ground that it was so exempt, it is the duty of the court to adjudge that the same be so discharged.

The facts of the case sufficiently appear in the opinion of the court.

*A. Smith Devenney,* for plaintiff in error.

*John T. Burris* and *W. H. Case,* for defendant in error.

*For plaintiff in error,* on the legal points seemingly involved, it was submitted:

1.   The action of the justice was clearly erroneous, as well as the action of the district court in affirming the

---

* The testimony introduced on the hearing of the motion, it appears, was also somewhat conflicting.

proceedings of said justice, as their action was not justified by proof. *U. P. R. R. Co. v. Convers*, 4 *Kas.*, 206; *Bayer v. Cockrill*, 3 *id.*, 283; *Harrison, et al., v. King, et al.*, 9 *Ohio St.*, 388; *Castor v. Paige*, 9 *id.*, 397; *Noyes v. Hewitt*, 18 *Wend.*, 141; *Dodge v. Coddington*, 3 *Johns.*, 146; *Hartt v. Leavenworth*, 11 *Mo.*, 629; *Bybee v. Kinote*, 6 *id.*, 53; *Lambert v. Sandford*, 2 *Blackf.*, 137.

2. Where the court below in refusing to reverse, or refusing to grant a new trial or hearing, mistakes a legal proposition, it is as much the subject of revision as any other decision. In such cases, we submit, it is not a question of discretion, but one strictly legal in its character, and to be determined upon the law applicable to the case. *Laws of* '69, 146; 7 *Wisc.*, 111, 496; *Jones v. Cooprider*, 1 *Blackf.*, 47, 50, 64; *Cavenaugh v. Titus*, 5 *Wisc.*, 143; 14 *id.*, 432; *Shaw v. Sweeney*, 2 [ *G. G.* ] *Iowa*, 587; *Stewart v. Ewbank*, 3 *Iowa*, 191.

3. But let us concede, for the sake of argument, that it was a matter of discretion, courts of respectability have, even in such cases, entertained and reviewed, and affirmed or reversed, the action of the court below, as that discretion was abused or properly or improperly exercised. *Brooklyn v. Patchen*, 8 *Wend.*, 47; *Rose v. Stuyvesant*, 8 *Johns.*, 426; *Beckman v. Wright*, 13 *Johns.*, 442; *West v. Rice, et al.*, 4 *Kas.*, 563; *Cook, et al., v. Helms, et al.*, 5 *Wisc.*, 107; 7 *Cow.*, 369; 5 *id.*, 15; 1 *Wisc.*, 70.

*Burris and Case, for defendant*, submitted:

1. The defendant having first filed a counter affidavit denying the allegations set forth in the plaintiff's affidavit for an attachment, there was no error in overruling defendant's motion subsequently filed to dismiss or dissolve the attachment. *Drake on Attach.*, 282, 421; 9 *Ohio St.*, 388; *Rev. Stat.*, 665, § 191.

2. All the circumstances connected with this case as shown by the record, have a tendency to show a fraudulent intent. That was sufficient. 10 *Mo.*, 49; 34 *id.*, 81; 17 *id.*, 218; *Drake on Attach.*, 873.

3. An "intent to defraud" is proven just as any other fact is established, viz: by proving those facts and circumstances which surround the action. *Wait's L. and Pr.*, 855.

4. If there is any evidence tending to show a state of facts that will sustain the finding of the court below, the decision will not be disturbed. 4 *Kas.*, 206; 3 *id.*, 283; 9 *O. S.*, 396; 24 *Iowa*, 441.

5. The case should be affirmed unless it is evident that it is clearly erroneous. See 9 *O. S.*, 388; 24 *Iowa*, 444, 447.

6. The court would not be bound to set aside the levy on a motion to dissolve the attachment on affidavit that a portion only of the property seized was exempt.

7. Under the motion in this case the court would sustain or overrule the whole motion.

*By the Court*, Safford, J.

This was an attachment proceeding, originally commenced before a justice of the peace, within and for the county of Johnson. After the issue of the attachment order, and the seizure of certain property thereunder, the defendant in said proceeding, now plaintiff in error, attempted to procure a release of the property attached under and by virtue of the provisions of section fifty-three, chapter eighty-one, General Statutes.

But the justice refused to discharge the attachment or any of the property which had been taken by virtue thereof. To this decision the defendant excepted, and

sought to reverse the same by a petition in error brought in the district court of said county; upon the hearing of the said petition, the district court affirmed the decision of the justice, with costs. Whereupon, the said defendant again excepted, and now brings the case here for review. From the foregoing summary statement, it will be seen that the allegation of error extends to the action of the justice in refusing to discharge the order of attachment obtained by the plaintiff at the commencement of his suit, when moved thereto by the defendant, as provided in section fifty-three, chapter eighty-one, before referred to.

The bill of exceptions allowed and signed by the justice, sets out all of the evidence which was offered by the parties on the hearing of the motion to discharge, including a copy of the affidavit upon which the attachment was issued, and also a copy of the affidavit of the defendant, denying the truth of the grounds laid for said attachment. We have examined these affidavits in connection with the testimony which was already submitted, as bearing upon the question of the truth of the facts charged in the one first mentioned, and have come to the conclusion that while such evidence appears somewhat conflicting and otherwise unsatisfactory, as going to establish such facts, still it was evidence, and such as it was proper for the justice to consider in making up his decision. It tended also to sustain every material issue necessarily involved in the judgment which he saw fit to render. Such being the fact, we are not called upon to look further into the testimony, or to review the decision of the court below upon the question of the credibility of the witnesses and the weight which ought to have been given to their statements. Nor is it necessary for us in affirming the decision of the justice, as we feel bound to

do upon this part of the case, to say that the decision was absolutely right, or that we would have so decided if we had heard the case. It is sufficient that we are not able to say that such decision was clearly erroneous.

Our examination of this case has thus far been confined to the naked question, as to whether this court would interfere with the decision of the justice overruling the motion to discharge the attachment, on the ground that the allegations made in the affidavit, as furnishing a foundation therefor, were not true. But there is still another question which demands our notice. The record shows that the defendant moved the court to discharge from the attachment a portion of the property seized, on the ground that it was exempt by law from such seizure. The motion contained a description of the property so claimed to be exempt, and the evidence, which is preserved by the bill of exceptions, shows that it was of the kind mentioned and classed as exempt in the statutes relating to exemptions.

It seems to us that this motion ought to have been granted. The defendant, as the testimony shows, was a resident of the State of Kansas, and the head of a family at the time of the seizure of his property, and as such he was entitled to the benefit of the exemption laws, notwithstanding and independent of the fact that at some future time he might have intended to become a non-resident. Such intention might never have been carried into effect; and until it was, he was, and would be, fully within the protection of the laws referred to. It is provided in the exemption act, that no exempted property shall be liable to seizure and sale upon any attachment, execution, or other process, issued from any court in this state; and it scarcely needs to be stated that it is incumbent on the courts of the state to give

force to these provisions whenever properly and lawfully called upon so to do.

If, then, any such exempted property was taken on the attachment in this case, it was the duty of the justice to have ordered the release of the same so soon as the fact was brought to his knowledge and lawful demand thereof made by the owner. This, we think, was accomplished by the motion of the defendant and the evidence which had been submitted.

The cause is therefore remanded to the district court, with instructions to proceed with the case in accordance with this opinion. And it is further ordered, that the costs of the proceedings in this court be equally divided between the parties.

All the justices concurring.