DOGGETT, BASSETT, HILLS & CO. v. BELL & STEVENS, et al.

ATTACHMENT, When Dissolved; Practice. Before an attachment is issued, the existence of some one of the statutory grounds therefor must be shown by affidavit. At any time before judgment, the defendant may move to discharge the attachment, and upon the hearing of the motion may contest the existence of any ground alleged in the affidavit for attachment. If it is established before the district court or judge hearing such motion, by affidavits or oral testimony, that the grounds alleged in the affidavit for attachment are not true, the attachment must be dissolved.

### Error from Phillips District Court.

ACTION by *Doggett, Bassett, Hills & Co.* against *Bell & Stevens*, and *George Bell* and *A. F. Stevens*, to recover $383.05 on an account for goods sold and delivered. The plaintiffs obtained an order of attachment, which was levied upon a stock of goods as the property of defendant, *George Bell.* Defendant *Bell* filed his motion to discharge the attachment, which motion came on for hearing January 5, 1884, before the district judge, Hon. W. H. Pratt, at chambers. January 12, 1884, the judge sustained the motion and dissolved the attachment. This ruling and order the plaintiffs bring to this court. The material facts are stated in the opinion.

*Woodward & Davis*, and *G. W. Stinson*, for plaintiffs in error.

*McElroy & McCormick*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On December 12, 1883, the plaintiffs commenced their action against the defendants to recover the sum of $383.05 on an account for goods sold and delivered. On the same day, they filed their affidavit for attachment, alleging as a ground therefor that the defendants were about to assign, remove and dispose of their property or a part thereof, with the intent to defraud, hinder and delay their creditors. The

attachment was levied .upon a stock of goods as the property of the defendant, George Bell. The defendant Bell filed his motion to discharge the attachment upon.the following grounds: First, that the debt sued on was not due.; second, that the levy under the.attachment was excessive.; and third, that the grounds alleged in the affidavit for attachment were not true.

On January 5, 1884, the.motion came on for hearing before the district judge of Phillips county,.at chambers. After all the evidence was introduced, the motion was taken under advisement until January 12, 1884, upon which day a decision was rendered. The judge found that $119.05 of the plaintiffs' claim was due at the time of the levy of the attachment; that the remainder of the claim.was not yet due; that the attachment was issued for the whole amount of the claim; that no order of attachment was allowed or ordered. by the judge of the district court of Phillips county, or by the probate judge thereof; that the.said defendant, George Bell, on December 13, 1883, made an assignment of all his property for the benefit of all his creditors; that the order of attachment, so far as the plaintiffs' claim not.due and the levy to satisfy the same are concerned, was.and is void; and that the grounds set forth in. the affidavit for attachment were not.true. Thereon the attachment and the levy were .dissolved. The plaintiffs excepted, and now complain of the ruling of the district judge.

It is contended that Bell was not insolvent, and therefore that he had no right to assign his property for the benefit of his creditors. (*Seibert v. Thompson*, 8 Kas. 65.) It is further contended that as Bell conveyed certain real estate to one Darnell simultaneously with making his.assignment, he thereby made said Darnell a preferred creditor, and the attachment ought not to be dissolved. Finally, it is urged that as the affidavit charged that the defendants were about to assign their property with the intent to defraud, hinder and delay their creditors, the defendant has no right to attack the affidavit for attachment, as the question whether the defendant Bell was guilty of fraudulent intent in making the assignment, is a question of fact which the plaintiffs are not permitted to enter

into until judgment has been obtained; and the defendant cannot have more rights conferred upon him than the plaintiffs. In other words, that the question of the validity of the assignment cannot be tried upon a motion to dissolve the attachment, as it involves a question of fact that the parties may submit to a jury.

None of these objections are tenable. Upon a motion to dissolve the attachment, the question whether the attachment should be sustained or dissolved, is to be determined from the facts established by the testimony. This case does not come here upon affidavits or depositions, but upon oral evidence presented to the district judge; therefore we cannot review his decision upon the question of the credibility of the witnesses, or the weight which ought to have been given to their statements. If the ruling of the judge is not clearly erroneous, it must stand. (*Urquhart v. Smith*, 5 Kas. 447; *Tyler v. Safford*, 24 id. 580; *Conner v. Comm'rs of Rice County*, 20 id. 575; *Railway Co. v. Kunkel*, 17 id. 145.)

Bell, the defendant, testified that he was insolvent; that his indebtedness was over $3,000; the schedule attached to the assignment showed liabilities to the amount of $2,606.15; the defendant introduced a corrected schedule, sworn to by him, showing liabilities to the amount of $3,322.68. The property levied upon under the attachment was appraised at $703.71. The property appraised under the assignment was $2,370.80, the total amounting to $3,074.59. From the evidence, it appears that Bell was insolvent.

As to the real estate deeded to Darnell, it appears from the evidence that Darnell held Bell's note for $728.14, bearing interest at 10 per cent. from December, 1877. There had been the following amounts paid upon the note: In 1879, $150.06; in 1880, $130. The deed was executed on account of this note, and was made the day before the assignment; therefore it was made for a valid consideration and in good faith.

"It is well settled that an insolvent, as long as he retains a *jus disponendi* of his property, may appropriate it to the pay-

ment of his debts, and may prefer creditors. He may use all his property in this way, or he may so use a part and make a general assignment of the remainder." (*Lampson v. Arnold,* 19 Iowa, 479; *Dodd v. Hills,* 21 Kas. 707; *Randall v. Shaw,* 28 id. 419; *Bailey v. The Kansas Mfg. Co.,* ante, p. 73.)

While an attachment creditor cannot commence his action to set aside a deed of assignment made for the benefit of creditors for the reason that the assignment is fraudulent and void, before obtaining judgment, (*Tennent v. Battey,* 18 Kas. 324,) yet when attachment proceedings are commenced upon the ground that a debtor is about to or has made a fraudulent assignment, the district judge, upon a motion alleging that the affidavit for the attachment is not true, may inquire concerning the facts by affidavits or oral testimony, and if it be established that the affidavit is not true, the attachment will be dissolved. The truth of the affidavit, while involving a question of fact, is not to be submitted to a jury. Of course the decision in the case between the attaching creditors and the debtor does not affect the assignee, and such assignee may take steps to protect the property transferred to him by the assignment, regardless of the ruling of the district court or judge in the attachment proceeding.

Upon the whole record, we perceive no error, and therefore the ruling and order of the district judge must be affirmed.

All the Justices concurring.