R. N. HERSHFIELD v. L. M. LOWENTHAL, *et al.*

ATTACHMENT; *Note in Settlement of Account.* Where a note is accepted in the settlement of an open account and is taken as absolute payment and extinguishment of the former debt, the fraudulent disposition of a part of his property by the debtor several months prior to the execution of the note, but during the existence of the open account, is not a ground for attachment in an action brought to recover upon the promissory note.

*Error from Sedgwick District Court.*

ON February 16, 1885, *R. N. Hershfield* commenced his action against *L. M. Lowenthal* and *A. F. Lowenthal,* partners as Lowenthal Bros., to recover $400, with interest, upon two promissory notes, each for $200, executed by the defendants on November 29, 1884. The notes were not due at the commencement of the action. Upon the same day the plaintiff filed an affidavit to obtain an attachment against the defendants, and as grounds of attachment alleged that the said defendants "had sold, conveyed, and otherwise disposed of their property with the fraudulent intent to cheat and defraud their creditors, and to hinder and delay their creditors in the collection of their debts; and that they were about to make sale and disposition of their property with the intent fraudulently to hinder and delay their creditors in the collection of their debts." The order of attachment was granted by the district

judge; and certain jewelry attached, of the value of $598.    On March 10, 1885, the defendants made a motion to discharge the attachment, and filed an affidavit denying the grounds therefor.    The motion to discharge the attachment was heard by the district judge at chambers, at Wichita, in Sedgwick county, on March 30, 1885.    Upon the testimony presented, the judge vacated the order of attachment and discharged the property attached.    The plaintiff excepted, and brings the case here.

John R. Parsons, for plaintiff in error.

W. E. Stanley, for defendants in error.          o

The opinion of the court was delivered by

HORTON, C. J.: The question in this case is one of fact. L. M. Lowenthal, one of the defendants, testified in person before the district judge, and the plaintiff to sustain his ground of attachment introduced affidavits of admissions of the said Lowenthal.    It is sufficient to say that we think there is sufficient evidence to sustain the finding of the district judge — at least it does not appear that his finding was clearly erroneous. It is not necessary for us, in affirming the decision of the district judge, to say that the decision was absolutely right, or that we would have decided so if we had heard the case. (Urquhart v. Smith, 5 Kas. 447; Tyler v. Safford, 24 id. 580; Harris v. Capell, 28 id. 117; Brown v. Mabbett, 28 id. 723; Wilson v. Lightbody, 29 id. 446.)

Counsel comments upon the fact that one of the partners, A. F. Lowenthal, made way with fourteen or fifteen hundred dollars' worth of diamonds.    This, however, was prior to the execution of the notes sued on.    A. F. Lowenthal went away with the diamonds belonging to the partnership in September, 1884.    The notes in suit were not executed until November 29, 1884.    Subsequently, and before suit, the partnership was dissolved.    Counsel refers to the fact that the notes were executed for goods and merchandise sent by the plaintiff to defendants in June, 1884, and asserts that the notes were given

only as collateral evidence of the preëxisting debt. There is evidence in the record tending to show that the notes were given as the absolute payment and extinguishment of said debt. The account for goods and merchandise is not sued upon, but the action is upon the notes only. The evidence also shows that an account was taken in November, 1884, between the plaintiff and the defendants, and that the note sued upon, with other notes, were taken at the time by the plaintiff from the defendants in settlement of the open account between the parties. Upon this matter the district judge decided in favor of the defendants, and we cannot disturb that decision. (*Shepard v. Allen*, 16 Kas. 182; *Medberry v. Soper*, 17 id. 369.) The acceptance of the new notes in settlement of the open account was the creation of a new debt, the consideration of the notes being the former account. Therefore the wrongful disposition of the diamonds in September, 1884, cannot be urged as a ground for attachment upon the notes executed November 29, 1884.

The ruling and order of the district judge will be affirmed.

VALENTINE, J., concurring.

JOHNSTON, J., not sitting.