THOMAS CARNEY *et. al. v.* ROBERT TAYLOR.

*Error from Shawnee County.*

C. commenced suit July 4th, in Douglas county, against M., who neither was himself, nor does the record show he had any property, therein.   An order of attachment in that suit was sent to Shawnee county, where M. had property, which was thereunder attached July 6th.   July 7th, T. had the same property attached at his suit brought in Shawnee county After this, M. was prevailed upon to go into Douglas county, where summons was personally served on him in the suit commenced by C.  On demurrer to petition of T. for an order appropriating proceeds of attached property, *held* that where the existence of certain facts is necessary to give the court jurisdiction, such facts must exist at the time such jurisdiction was exercised.

The coming of M. into Douglas county could not divest T. of acquired rights under his attachment [27 Ill., 509; 31 id., 248]; and *held* that C.'s attachment must be postponed to that of T.

*It seems* the procuring of a defendant to come into a county of this state for the purpose of having summons served on him there, is a legitimate act of diligence.

The opinion of the court contains a statement of the facts of the case.

*N. Cobb*, for plaintiffs in error.

*W. P. Douthitt*, for defendant in error.

*Douthitt*, for defendant, submitted :

1. The demurrer admits the truth of all the facts in the petition that are well pleaded. 1 *Chitty on Plead.*, 661.

2. Sec. 62 of the code provides that a civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued therein ; and sec. 59 of the code provides that an action against a non-resident of this state may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found.

It is admitted by the record in this case, that at the time the plaintiffs in error, Carney & Stevens, Drey-foos & Dreyfoos, commenced their actions in the district court of Douglas county, against Meyer, and at the time of the issuance and levy of their attachments, Meyer was a non-resident of this state, and was not in the state ; that the service of a summons could not be made on him in this state ; that he had no property or debts owing to him in Douglas county, and that there was no property attached in either of said actions in that county.

Upon this state of facts, we submit, that the district court of Douglas county acquired no jurisdiction over the property attached by the service of the order of attachment, issued in said actions to the sheriff of Shawnee county. 31 *Ill.*, 248 ; 27 *id.*, 509 ; 2 *Kans.*, 340 ; 7 *Ben. Monroe*, 75 ; 3 *N. Y.*, 137 ; 9 *Iowa*, 319 ; 24 *Ind.*, 72.

3. Meyer subsequently coming from the State of Missouri, and the service of a summons upon him in Douglas county, some eight days after the actions were

commenced, could not give the court jurisdiction to issue the attachments to Shawnee county. 7 *Ben. Monroe*, 75 ; 3 *N. Y.*, 137.

4. The facts giving the court jurisdiction must have existed at the time the actions were commenced. *See authorities last cited, and* §59, *code.*

5. The service of the summons on Meyer was obtained wrongfully, and in fraud of the rights of the defendant in error, and the plaintiffs in error can take nothing by it. 9 *Iowa*, 145, 149 ; 19 *id.*, 358 ; 10 *Allen*, 410 ; 6 *Cal.*, 238 ; 14 *id.*, 401 ; *Comp. L.*, 568, §2.

*Per Curiam*, BAILEY, J.

On the 4th day of July, 1866, one Lipman Meyer, a non-resident of Kansas, engaged in freighting, was insolvent, and indebted to both plaintiffs and defendant, and to various other parties, in large sums of money.

His only visible or available property seems to have consisted of a train of oxen and wagons, which, on that day, were near the line dividing the counties of Douglas and Shawnee.

Carney & Stevens and Dreyfoos & Dreyfoos commenced this action against Meyer, and sued out orders of attachment for the property, in the county of Douglas, causing the order of attachment to be directed to the sheriff of Shawnee county as well.

Taylor commenced his action in Shawnee county, and procured an order of attachment also. The sheriff of Shawnee county attached the property of Meyer on the 6th of July, at the suit of Carney & Stevens and Dreyfoos & Dreyfoos, on the order issued to him from the district court of Douglas county ; and on the 7th

of July, the next day, he attached the same property at the suit of Taylor.

The property was appraised and sold as perishable, and the controversy is as to which party has the right to the proceeds in the hands of the sheriff.

Taylor filed his petition in the district court of Shawnee county, setting up the facts on which he relies; and Carney & Stevens and Dreyfoos & Dreyfoos filed a demurrer to the petition, which demurrer was overruled by the court, thus sustaining Taylor's claim. To revise this order, Carney & Stevens and Dreyfoos & Dreyfoos bring the case to this court.

The demurrer admits the truth of all the facts in Taylor's petition, which are well pleaded; and it is therefore admitted as a fact that at the time suit was commenced in Douglas county against Meyer, said Meyer had neither property in the county nor debts due him, nor was he to be found there himself. But the statute governing the case (§ 59 *of the code, Comp. L.*, 133) provides that an action against a non-resident may be brought in any county in which there may be property of or debts owing to said defendant, or where said defendant may be found.

In strict compliance with this provision, Taylor commenced his action in Shawnee county, where the property was found, and attached July 7th; while Carney and others commenced their action in Douglas, where neither the property nor the defendant was found, or to be found, until, as alleged in the petition demurred to, he was procured to come into the county for the express purpose of being served with process, on the 12th day of July, eight days after the commencement of the suit against him in that county, and five days after the property had been attached in

Taylor's suit, by order of the district court of Shawnee county, which unquestionably had jurisdiction.

It seems clear upon principle that where the existance of certain facts is necessary to give the court jurisdiction, such facts must exist at or before the time such jurisdiction was assumed or exercised.

In this case the district court of Douglas county assumed jurisdiction, and exercised it by attaching property in Shawnee county, six days before any of the jurisdictional facts are pretended to have existed. But it is claimed that the jurisdiction was inchoate at the time the order was issued, and became perfect and complete when the defendant, Meyer, was "found" in the county, and duly served.

We cannot see how the coming of Meyer into Douglas county could divest Taylor of the rights he had already acquired under a valid attachment in Shawnee county, whatever might have been the healing powers of Meyer's advent—being found in Douglas. Had no rights of third parties intervened, we are clear that it could not operate to the prejudice of Taylor in the case found.

And these conclusions, which to us seem sufficiently clear upon principle, are fully supported by authority. *See cases of Fuller et. al.* v. *Langford,* 31 *Ill. Repts.,* 248 ; *Hindman* v. *Rushmore,* 27 *Ill. Repts.,* 509.

It is charged by counsel for defendant in error, that the procuring of Meyer to come to Douglas county for the purpose of being served with process, was an act of fraud on the part of plaintiffs in error. We do not think so. On the contrary, it was a legitimate act of diligence, which might have resulted in securing their claim, had not the rights of other parties intervened.

The judgment of the court below is affirmed.
All the justices concurring.