## ACTION FOR RECOVERY OF OPTION AND FOR SPECIFIC PERFORMANCE.

Common Pleas Court of Hamilton County.

ERNESTINE WERTHEIMER v. MINNIE KORTE.

Decided, May 1, 1909.

*Specific Performance—Can Not be Enforced Where Title is Doubtful— Failure to Bring in Judgment Creditor of a Co-parcener Renders Title Unmarketable—Insufficient Description of Property Involved —Effect of Failure to Tender Deed Until After the Bringing of Suit to Recover Option Paid.*

1. In partition proceedings a failure to issue summons for a judgment creditor of one of the co-parceners, who did not answer or enter his appearance, renders the title unmarketable.
2. Under the rule that specific performance will not be enforced where the title is doubtful the owner of such a title will not be decreed specific performance against a proposed purchaser who has declined to take the property because of the defecitve title.
3. In an action for specific performance the description of the property involved is insufficient; where there is nothing to indicate its location except the name of the city as shown by the line where the contract is dated and the further fact that the property is at the corner of two .streets which are named; and in such a case the maxim, *id certum est quod certum reddi potest*, has no application.
4. Under a contract to convey land, a failure to make a tender of the deed until after suit has been brought for recovery of the amount paid as an option is a bar to a decree for specific performance on cross-petition.

*Schorr & Wesselman,* for plaintiff, cited:

Wiedemann Brew. Co. v. Maxwell, 78 Ohio St., 54; Wilks v. Railway, 79 Ala., 180; Linn v. McLean, 80 Ala., 360; Ross v. Parks, 93 Ala., 153; Sayward v. Houghton, 119 Cal., 545; Guyer v. Warren, 175 Ill., 328; Wilcox v. Cline, 70 Mich., 517; Houghwout v. Boisaubin, 18 N. J. Eq., 315; Watson v. Coast, 35 Va., 463; Dailey v. Can Co., 128 Mich., 591; Ide v. Leiser, 10 Mont., 5; Black v. Maddox, 104 Ga., 157; Jones, Evidence, Sections 444, 445; Dye v. Scott, 35 Ohio St., 194; Monnett vs Monnett,

46 Ohio St., 30; Maupin, Mark. Tit., Section 5, p. 20; Merritt v. Horne, 5 Ohio St., 307; Thatcher v. Dickinson, 3 C. C., 144; Commercial Bank v. Buckingham, 12 Ohio St., 402; Spoors v. Coen, 44 Ohio St., 497; Parmenter v. Binkley, 28 Ohio St., 32; Southward v. Jamison, 66 Ohio St., 290; Bailey v. Young, 20 C. C., 546; Fletcher v. Holmes, 25 Ind., 458; Lapp v. Lumber Co., 21 C. C., 191; Sugden, Vendors, 577; Eleventh St. Church v. Pennington, 18 C. C., 408; Kellerman v. Government Loan & Bldg. Assn., 39 Bull., 203; Tiffin v. Shawhan, 43 Ohio St., 178; Irving v. Campbell, 121 N. Y., 353; Abbott v. James, 111 N. Y., 673; Kilpatrick v. Barron, 125 N. Y., 751; Sohier v. Williams, 1 Curt. C. C., 479.

*Ben B. Dale,* for defendant.

GORMAN, J.

This is an action brought by plaintiff to recover from the defendant $100 on account of a part payment of purchase money for a certain lot alleged to have been the subject of a contract of sale between the parties. On May 20, 1907, the following writing was executed by the parties to this action, viz:

"CINCINNATI, May 20, 1907.

"For and in consideration of $100 to me paid by Mrs. Ernestine Wertheimer, I hereby give the said Mrs. Ernestine Wertheimer ——— days or until July 10, 1907, to purchase my property located at southwest corner Hapsburg and Woodburn avenues, city, for the sum of $4,900. It is agreed and understood that the mortgage now recorded against said property is to be paid and canceled by me. All assessments and taxes against said property to be paid by the said Mrs. Ernestine Wertheimer, except the tax due and payable in June, 1907, amounting to $36.53. If the said Mrs. Ernestine Wertheimer decides to purchase within the above limited time, the $100 which she has paid is to apply on the purchase price of $4,900 and if said option is not closed on or before July 10, 1907, the sum $100 will be forfeited.

"Signed, MINNIE KORTE.

"Accepted, ERNESTINE WERTHEIMER."

Plaintiff avers that the property designated is in the city of Cincinnati, at the southwest corner of said streets named in the agreement, fronting thirty-four feet on Woodburn avenue, and

that the acceptance of the above option was on the day of the execution thereof May 20, 1907, and that thereupon said option became an executory contract of sale for premises. Plaintiff further avers, that the title to said real estate is unmarketable, and that by reason thereof she is not bound to accept a conveyance of the same. She sets out in her petition at length the reasons why she claims the title to be unmarketable, and concludes her petition by a prayer for the recovery of a judgment for $100 against defendant, the sum paid on account of said purchase price. Defendant answers denying that the title is unmarketable, but admitting all the other allegations of the petition. And by way of cross-petition she sets up the contract, and asks for a specific performance thereof, alleging that she has been ready and willing at all times to perform said agreement on her part, and that she is the owner of the property described in the petition, and has duly tendered a deed to plaintiff and her attorney for said premises and demanded the payment of the balance of the purchase money, but that plaintiff has refused to accept the deed or pay the money. The parties agreed to try the case to the court without a jury on the suggestion of the court that the case made out in the petition is one for a jury.

The evidence disclosed that the acceptance of the option and the payment of the $100 were both on the day the option is dated, and that the petition was filed August 12, 1907, and the tender of the deed and demand for the balance of the purchase money were made on September 12, 1907, and the answer and cross petition was filed the next day, September 13, 1907. It further appeared from the evidence that the defendant, Minnie Korte, acquired her title to the lot in question by a sheriff's deed from the sheriff of Hamilton county, dated February 18, 1904; that said deed was executed and delivered in pursuance of a decree of the Court of Common Pleas of Hamilton County, Ohio, in cause No. 121778, *Louisa M. Voss* v. *Frank J. Moormann et al;* that said action was one for partition; that among the defendants were Robert A. Moormann, one of the tenants in common, and Jane F. T. Sargent, a judgment creditor of said Robert A. Moormann, who was made party defendant and asked to set up her judgment against said Robert A. Moormann; that summons was issued in

the petition in said cause notifying all the defendants that the action was one for partition.

Said action was commenced on August 5, 1901, and on August 29, 1901, Jane F. T. Sargent filed her answer and cross-petition against her co-defendant, Robert A. Moormann, praying therein for the allowance of her judgment claim against Robert A. Moormann out of his share of the proceeds of the real estate sought to be partitioned in said cause. No summons was ever issued on this cross-petition, nor did Robert A. Moormann ever enter his appearance or plead to said cross-petition; on February 24, 1903, a decree was entered in said cause on the cross-petition of said Jane F. T. Sargent, wherein the court found that said Jane F. T. Sargent had recovered a judgment against said Robert A. Moormann by the consideration of the Superior Court of Cincinnati in cause No. 50078 in the sum of $2,882.64; that the allegations of the answer and cross-petition were true, and that said judgment of Jane F. T. Sargent became and was the first and best lien on the share and interest of Robert A. Moormann in the estate sought to be partitioned in said cause No. 121778; that said Robert A. Moormann elected to take the premises described in the petition in the case at bar at the appraised value thereof, but no deed of conveyance was ever made to him by the sheriff of Hamilton county for said premises as provided by Section 5763, Revised Statutes, that said premises were advertised, appraised and sold on the decree entered in said cause No. 121778 on the cross-petition of Jane F. T. Sargent on January 9, 1904, long after the proceedings in partition had been fully determined and the cause closed as to the partition proceedings; and that the defendant, Minnie Korte, purchased said premises at said sale for the sum of $3,575 and received her deed from the sheriff for said premises as before stated.

The question presented to the court on this state of facts is, whether or not the defendant should have specific performance of the contract against the plaintiff, and if not should the plaintiff have judgment against the defendant for the sum of $100 paid on account of the purchase price of the property.

It is a settled and invariable rule of equity that a purchaser shall not be compelled by a decree of court in a suit for specific

performance to accept a doubtful title. It has been said that the title which a purchaser is compelled to take ought, like Caesar's wife, to be free from suspicion; although in some cases the rule has not been enforced with quite that degree of strictness. Section 378, Bispham's Principles of Equity; Maupin, Market. Tit., 705, *et seq.*

The proceedings in cause No. 121778 in this court whereby defendant acquired title to the property involved in the case at bar are open to the same objection as the proceedings in the recent case decided by the Supreme Court, *Southward* v. *Jamison,* 66 Ohio St., 290, and in the opinion of this court, under the rule there laid down, the title of the defendant, Minnie Korte, to the property involved in the case at bar is to say the least doubtful and not marketable, because of the failure to notify Robert A. Moormann or to cause summons to issue for him on the cross-petition of Jane F. T. Sargent, there being no entry of appearance by him nor any answer to said cross-petition. The court does not deem it necessary to cite any other authority on this proposition, as that case is, to the mind of the court, on all fours with the case at bar.

Furthermore, the description of the property in the contract is so uncertain that a court of equity ought to hesitate before decreeing specific performance. There is nothing in the contract to indicate where the property is located except the place where the contract is dated "Cincinnati, Ohio." The dimensions of the lot are not given nor any lot number, and, in fact, no sufficient information to enable the court to designate with any degree of certainty what property the purchaser shall accept from defendant without the aid of extraneous testimony. It may be claimed that the maxim, *Id certum est quod certum reddi potest,* applies to the description and that parol evidence is admissible to show where the property is located and the description and boundaries thereof. The great weight of authorities is to the effect that specific performance of a written contract with a parol variation will not be enforced. This means that if there has been omitted from the contract a material matter it can not be supplied by oral evidence. The ordinary principle of evidence in regard to contracts which have been reduced to writing, is that the intention of the parties is to be gathered solely from the written agreement,

and that no evidence can be admitted to show any verbal qualification of the writing. Cases of fraud and mistake are the only exception to the rule. Bispham's Equity, Section 381.

In 26 Am. & Eng. Enc. Law (2d Ed.), 129, this doctrine is laid down and supported by numerous authorities.

"It is well settled in an action for specific performance that parol evidence is admissib'e to identify the property conveyed, where this involves merely the application of an *adequate* description of the subject-matter intended.

"The rule is otherwise where an *insufficient description* is given or where there is *no description*. The courts, it has been held, never receive parol evidence both to describe the land and then apply *the description.*"

This is what the court would be called upon to do in the case at bar if specific performance were to be decreed. See case cited under text in 26 Am. & Eng. Enc. Law (2d Ed.), 129; Pomeroy, Spec. Perf., 159-161.

Furthermore, the evidence in the case shows that no tender of a deed was made by the defendant nor was a demand made for the purchase money until a month after this suit was commenced, and under the authorities it is apparent that the cross-petition set up a claim not matured at the time the suit was commenced; and that only such actions can be set up by counter-claim or set off as *could have been sued upon at the time the action was commenced.* No tender or demand having been made before the suit was commenced, the court is of the opinion that there is grave doubt as to whether or not the defendant by way of cross-petition can counter-claim on a cause of action that accrued after the suit was commenced. See Bates, Pl. & Pr. (new ed.), 379, 573, and cases there cited. *Carney* v. *Taylor,* 4 Kan., 178; *Burckle* v. *Eckhart,* 3 N. Y., 132.

Inasmuch as specific performance is not to be decreed as a matter of right, but rests in the sound discretion of the court, I am of the opinion that the specific performance of the contract involved in the case at bar ought not, and can not, without the aid of parol evidence, be decreed. The judgment of the court therefor will be a dismissal of the cross-petition at defendant's costs and a judgment for plaintiff for the sum of $100 with interest from July 10,.1908, and costs. Let a decree be so entered.