LOUIS RULLMAN V. ALBERT H. HULSE.

*Motion for Rehearing.*

In *Rullman v. Hulse,* 32 Kas. 598, the judgment of the court below was affirmed. The plaintiff in error filed a motion for a rehearing. This motion the court decided at its session in June, 1885.

*B. A. Seaver,* and *Franklin Babcock,* for plaintiff in error.

*Per Curiam:* This case was heard and decided by the supreme court at its January term, 1884, and the judgment of the court below was affirmed. (*Rullman v. Hulse,* 32 Kas. 598.) The plaintiff in error now moves for a rehearing.

Under the statutes of Kansas an ordinary civil action for the recovery of money can be brought only in the county in which the defendant or some one of the defendants reside or may be summoned. (Civil Code, § 55.) And before a summons can be rightfully issued from one county to another, the persons served with the summons in the county in which the action is brought must have some real and substantial interest in the subject of the action, adverse to the plaintiff, and against whom some substantial relief may be obtained; and the action must be rightfully brought in the county in which it is brought, and as against the person served with summons in such county. (*Brenner v. Egly,* 23 Kas. 123; *Dunn v. Hazlett,* 4 Ohio St. 435; *Allen v. Miller,* 11 id. 374.) And an attachment against property can be had only in a civil action for the recovery of money at or after the commencement of the action, and by making and filing a proper affidavit of the plaintiff, his agent or attorney, showing the nature of the plaintiff's claim; that it is just; the amount which the affiant believes the plaintiff ought to recover, and the existence of one or more of the grounds for attachment mentioned in § 190 or § 230 of the civil code; and the attachment provided for by § 230 of the civil code can be had only after it has been granted by the court or

a judge; and except in case of non-residence, the order of attachment cannot be issued until after a proper undertaking has been given; and when the order of attachment has been issued it can then be levied only upon the property of the defendant against whom the attachment was issued, and only upon such property of his as is not exempt from judicial process; and when the order of attachment has been issued and levied upon the property, the attachment may in any proper case and for any good and sufficient reason be vacated or discharged upon motion by any person interested in its discharge. (*Watson v. Jackson,* 24 Kas. 443; *Green v. McMurtry,* 20 id. 189, 193.) The statute authorizing the discharge of attachments does not create any limitation upon the reasons or grounds for the discharge of attachments, or intimate that there is any such limitation. (Civil Code, §§ 228, 229.) It would therefore seem to follow that if no action is really commenced, or is commenced in the wrong county, or if the action is not a civil action or not for money, or not commenced at or before the time when the attachment is issued, or if no affidavit for the attachment is filed, or the affidavit is not sufficient, or does not show the nature of the plaintiff's claim, or that it is just, or the amount which the affiant believes the plaintiff ought to recover, or if the attachment is under § 230 of the civil code and has been granted by the court or a judge, or if it appear that the grounds for the attachment are not true, or if an undertaking is necessary and no proper undertaking has been given, or if the property attached does not belong to the defendant or is exempt from judicial process, the plaintiff could not maintain his attachment as against any person interested in having it discharged and who has made the proper motion for its discharge. This would certainly be the case if the defects or irregularities appeared on the face of the proceedings, as in the present case, but of course it would not be so certain in some of the above cases if it had to be shown by evidence *dehors* the record.

It has already been held by the supreme court of Kansas. that where an action has been brought against a non-resident.

who. was not in the county, and had no property or debts ow-
ing to him therein, and where an attachment was issued in
such action to another county and there levied upon the de-
fendant's property, (which could have been allowable if the
action had been rightfully brought in the county in which it
was brought,) the attachment was void as against a subsequently
attaching creditor. (*Carney v. Taylor*, 4 Kas. 178.)    The stat-
ute provides that an action against a non-resident may be
brought in any county in which the defendant or his property
may be found, or in which debts are owing to him.    It has also
been held that on a motion to discharge an attachment against
a non-resident, the defendant may, for the purpose of discharg-
ing the attachment, show that the action did not arise wholly
within the limits of Kansas, as is required in such cases by the
statute. (*Stone v. Boone*, 24 Kas. 337.)    It has also been held
on a motion to discharge an attachment, that the defendant may
controvert the grounds for the attachment, although in so doing
he may controvert some of the allegations of the petition.
*Bundrem v. Denn*, 25 Kas. 430, 435.)

The only express mode of dissolving an attachment in Kan-
sas is by motion. (Civil Code, § 228.) . And the motion may
be made before or after appearance by the defendant or be-
fore or after pleading by him.    Of course, if the plaintiff
should fail in his action, the attachment, which is only an
incident thereto, would go with the action. · But this failure
is never considered as one of the distinctive modes, and is not
an express mode of dissolving an attachment.    The attach-
ment may be dissolved upon motion, and for proper reasons
before such failure and without reference thereto.    In some of
the states the mode of dissolving an attachment is by plea in
abatement, and in some of the states the defendant is required
to appear and plead before he can ask to have the attachment
dissolved, but this is not the case in Kansas.    In a state where
it is required that a defendant should plead before asking to
have the attachment dissolved, there would be great reason for
holding that nothing could be considered on the hearing of
the application for the dissolution of the attachment which

might be put in issue by the pleadings and might be involved in the merits of the action, or which might be heard and decided on the final trial of the case; and indeed there would be some reason for such a holding in any state, even where the defendant is not required to plead before moving to dissolve the attachment, and whether he has so pleaded, or not. But in Kansas it is not strictly true that nothing can be considered on a motion to dissolve an attachment which is involved in the merits of the action. (*Bundrem v. Denn*, 25 Kas. 430, 435.) But even if such a thing were strictly true in Kansas, still it would not affect the decision in this case, for nothing was heard or decided or could be heard or decided in this case which could be heard or decided on the final trial upon the merits of the action. Whether the defendant in this case was rightfully sued in Doniphan county, or not, is not one of the issues presented by any of the pleadings in this case; and such a question could not be heard or tried upon the final trial upon the merits of the case. The only manner in which such a question could be heard or tried would be upon a motion to dissolve the attachment, or a motion to quash or set aside the summons or the service thereof, or a plea in the nature of a plea in abatement, filed and presented for hearing before answer to the merits, and before any general appearance in the case. And therefore, as the question must be heard, if heard at all, upon a motion of some kind or a plea in abatement, and not upon the final trial upon the merits, is it not better that it should be heard and decided at the earliest possible moment? It might be heard upon a motion to discharge the attachment at a very early day, while there might not be any possibility of its being heard upon a motion to quash or set aside the summons or the service thereof, or on a plea in abatement, for several months. The defendant might be in great need of the property, or it might be of such a perishable nature that it could not be kept for any considerable length of time.

For further argument upon all the questions involved in this case, see the original opinion in this case, *Rullman v. Hulse,*

43—33 KAS.

32 Kas. 599; same case, 5 Pac. Rep. 176. We think the decision of the court below in this case is correct. It seems to be sustained by good reason and the statutes of Kansas, and we know of no decision under similar statutes against it. (See Waples on Attachment and Garnishment, 526, *et seq.*)

We have examined all the cases cited by counsel, and we do not think that any of them conflicts with our decision in the present case. The case of *Drea v. Carrington*, 32 Ohio St. 595, upon which the plaintiff in error seems so confidently to rely, is not applicable to the present case. In that case no attachment was asked for or issued, and no motion was made to dissolve an attachment; indeed, there was nothing relating to an attachment in the case. The petition stated a cause of action against all the defendants, and some of them filed a motion to dismiss, and also an answer, both controverting the allegations of the petition; and the court held that the case could not be tried upon the motion, but must be tried upon the answer, and that the case was such that either party had a right to a trial by jury. No such questions are raised in the present case. The question in the present case is whether an attachment shall be discharged, or not; and not whether any of the allegations of the petition are true, or not. The motion to discharge the attachment in the present case does not controvert any of the allegations of the petition, nor even any of the allegations of the plaintiff's affidavit for the attachment. For the purposes of this case, it may be admitted that every allegation of the petition is true, and that every statement made in the plaintiff's affidavit for the attachment is true. But the other portions of the record, with some corroborating evidence, show that the defendant in the attachment was not rightfully sued in Doniphan county, and that no order of attachment should have been issued against him in that county; and therefore the record, with such evidence, shows that the attachment was wrongfully issued against the defendant in the present case.

The motion for a rehearing will be overruled.