GEORGE A. WOOLLEY, APPELLANT, *v.* MAYNES–
WELLS COMPANY ET AL., RESPONDENTS.

LESSOR'S LIEN—ATTACHMENT—DISCHARGE OF WRIT.

The plaintiff, lessor of a certain storeroom, brought suit against the defendant, his lessee, to recover rent due, and instituted attachment proceedings, under which he seized the goods of the lessee; but the court against the objections of the plaintiff, upon the lessee filing a bond to secure the lessor, released the goods. *Held,* that Act March 8, 1894 (Sess. Laws, p. 123), relating to lessor's liens, does not of itself afford a complete remedy, and that the court had power, under sections 3324, 3325, Comp. Laws Utah 1888, upon the execution of the bond, to discharge the writ of attachment, and release the property, the law of 1894 making no provision for the discharge of a writ or release of property seized.

(No. 808.   Decided June 18, 1897.)

Appeal from the Third district court, Salt Lake county, A. N. Cherry, *Judge.*

Action by George E. Woolley against the Maynes-Wells Company, a corporation, and John Kerkman, assignee thereof. Judgment for defendants. Plaintiff appeals. *Affirmed.*

*O. A. Woolley, C. W. Boyd,* and *N. V. Jones,* for appellant.

*D. Harrington* and *E. E. Dudley,* for respondents.

That the court had perfect power to take this bond, and that it is good as a common law bond, in the absence of express statutory authority, is abundantly supported. *Barnes* v. *Webster,* 16 Mo. 258; *Wright* v. *Keyes,* 103 Pa. St. 567; *Cummings* v. *Gray* (Ala.), 2 Stewart & Porter, 341; Drake on Attachment, p. 303; *Shepherd* v. *Colling,* 12 Ia. 570; *Moore* v. *Hodsdin,* 5 Mass. 314; *Palmer et al.* v. *Vance et al.,* 13 Cal. 553; *Wall* v. *Riley,* 2 Harris & Gill 305; 1 Enc. of Law, p. 925, latter part note 2.

BARTCH, J.:

The plaintiff brought this action to recover of the defendant company $1,080.60, rent for a certain storeroom which had been leased to the company. He claimed a lessor's lien, under the act approved March 8, 1894 (Sess. Laws, p. 123), on all the goods contained in the storeroom, and instituted attachment proceedings as provided in the act. Thereupon a writ of attachment was issued, and the proper officer levied upon and seized the goods by virtue thereof. Thereafter, on motion of counsel for the defendants, and upon the defendant company filing a bond to secure the lessor, the court discharged the writ of attachment, and ordered the goods to be released, and this action of the court is assigned as error.

The only question presented is whether the court erred in discharging the writ of attachment upon the filing of

the bond by the company, the sufficiency of which does not appear to be assailed. It is contended for the appellant that the act of 1894 provides in itself a complete remedy for this class of cases, and that there is nothing in the act which authorizes the release of property seized pending the final determination of the suit brought for the recovery of the rent. This position cannot be successfully sustained. While the act is silent as to the release of attached property *pendente lite*, it is apparent from a perusal thereof that it was not intended to provide a complete method of procedure in the cases in which it applies, nor to interfere with the general law of attachments respecting the discharge of the writ and release of property upon the filing of a sufficient bond by the defendant in the attachment proceedings. That the legislature did not intend to provide a complete method of procedure therein is evidenced by the fact that the act nowhere provides for the discharge of the attachment in any case where the writ was irregularly or improperly issued. Would counsel undertake to maintain the position that, because of the failure of the legislature to so provide therein, the courts have no power to discharge the writ in such cases? Or in case the property levied upon and seized under the writ afterwards turned out to be property exempt from execution, or, if not so exempt, it became apparent that the affidavit on which the attachment proceeding was based was absolutely without foundation in fact. In either of such cases, could it be seriously insisted that the court would be powerless to discharge the writ, because there is no provision therefor in the act? Likewise, in case perishable property were attached, could it be said that the court had no authority to order a sale thereof, because there is no provision for such sale in the law which authorized the seizure of such

property? The mere statement of these propositions is sufficient to show the fallacy of the contention that the law of 1894 contains within itself a complete remedy. The act provides for a lessor's lien for an affidavit in attachmen proccedings as a foundation for the writ, for service of the writ, for the seizure of property, and for the retention thereof until the determination of the action pending between the lessor and lessee; but it contains no provision respecting the discharge of the writ, nor does it specify any cause as a basis for its discharge. The statute being silent as to the procedure to vacate the attachment or to release the property, the court has the right to dispose of motions made for such purposes under and in accordance with the provisions of the Code of Civil Procedure. Therefore, in the case at bar, the court had power, under sections 3324, 3325, Comp. Laws Utah 1888, upon the execution of the bond, to discharge the writ of attachment, and release the property, the bond conforming to the requirements of the law. We perceive no error in the action of the court in the premises. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.