HEWLETT BROTHERS v. MALLETT et al.

No. 2212.   Decided July 12, 1911 (117 Pac. 68).

1. COURTS—JURISDICTION—SALT LAKE CITY COURT. The city court of Salt Lake City had jurisdiction to entertain a motion to set aside a garnishment judgment and release the garnishee, having the same power in that respect as a district court. (Page 362.)

2. APPEAL AND ERROR—ORDERS APPEALABLE—"FINAL ORDER." An order of the City Court of Salt Lake City, after final judgment in the original action, setting aside and releasing a garnishment, was "final" and appealable within the statute providing for an appeal in garnishment proceedings. (Page 363.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by Hewlett Brothers against F. J. Mallett and another.

Judgment setting aside a judgment against a garnishee and releasing the garnishment. Plaintiff appeals.

AFFIRMED.

*E. A. Walton* for appellant.

*F. B. Scott* for respondent.

APPELLANT'S POINTS.

The motion of the garnishee to set aside the judgment was neither a motion for a new trial nor a motion to set aside the default, but was nothing more or less than a collateral attack upon the original judgment, and the order of the court was to all intents and purposes a setting aside and ignoring of the original judgment of the justice.

The garnishee cannot dispute the record in the main action. To do so is a collateral attack upon the judgment therein. (*Castner v. Styer,* 23 New Jersey Law, 236.) "On principle a judicial proceeding is never void because proof of service is false in fact." (Van Fleet Collateral Attack, 468.) This principle is applicable to inferior courts. (Van Fleet Collateral Attack, 468; *Lighsey v. Harris,* 20 Ala. 409; *Jeffries v. Wright,* 5 Mo. 215; *Putnam v. Man,* 3 Wendell 202; *Allen v. Martin,* 10 Wendell 300; *Jones v. Judkins* [N. C.], 34 Am. Dec. 392; *Kendrick v. Whitmore,* 105 Mass. 23; *Fitch v. Byall,* 149 Ind. 554, 49 N. E. 455; *Watkins v. Davis,* 61 Tex. 414.)

"A collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or to deny its force and effect in some manner not provided by law." (Van Fleet Collateral Attack, 3.)

A justice cannot set aside his own judgment though it is in fact valid if it is on its face. (*Brown v. Goble,* 97 Ind. 86.)

A justice of the peace cannot set aside an execution for the want of jurisdiction of the person. (*Carr v. Penn. Ry. Co.,* 83 S. W. 981 [Mo. App.]; *Brownfield v. Thompson,* 70 S. W. 378 [Mo. App.].)

It is true that if a judgment is void upon its face it may be set aside, or an execution issued thereon may be set aside at any time and by any court. (*Martin v. Atkinson,* 108 Ala. 314; *Gates v. Lane,* 49 Cal. 266; *Murdock v. Vries,* 37 Cal.

527; *Sanches v. Carriga*, 31 Cal. 170; *People v. Green*, 74 Cal. 400.)

But where the record shows that there was jurisdiction an entirely different case was presented, and a motion does not lie to set it aside. (*People v. Harrison* [Cal.], 24 Pac. 311.)

An inferior court cannot set aside or vacate a judgment entered by it except in some mode specially authorized by statute. The city court has no terms, and in this respect is just like a justice of the peace. A justice of the peace cannot alter or set aside his own judgment after its rendition. (*Foster v. Alder*, 21 Mich. 507; *State v. Case*, 14 Mont. 520; *Rich v. Martain*, 92 Hun, 78; *Winter v. Fitzpatrick*, 35 Cal. 269; *Weimer v. Sutherland*, 72 Cal. 341.)

The judgment against Mallett in this case became a judgment of the city court under the laws of 1901, page 114. (Compiled Laws, 686x24.)

The city court was simply empowered to issue final process in such cases. It was not given any jurisdiction to set aside judgments directly, or to reach the same end by trying out the question of their validity otherwise than by inspection. The judgment was in the city court for the purpose of enforcement and not for the purpose of being collaterally assailed. The case is very analogous to one where an abstract of a justice's judgment is filed and docketed in the district court. The district in such a case cannot go behind the record and permit a collateral assault thereon, and any such order would be annulled on *certiorari*. (*Lund v. Booth*, 33 Utah, 341.)

A motion to quash an execution cannot be made to perform the office of a writ of error and cannot be used as a means of going behind the judgment. (17 Cyc. 1152.) Such motion would not reach any defect in the judgment not shown upon the face of the record." (*Lund v. Booth, supra*.)

STRAUP, J.

In December, 1902, a judgment was obtained in the justice court in favor of Hewlett Bros. against F. J. Mallett. Thereafter the office of the city court was created. The incumbent

of that office succeeded the justice, and took over his records. A garnishment was issued on the judgment by the city court and was served on the Utah Copper Company July 11, 1908. Upon its answer that it was indebted "to the defendant F. J. Mallett," a judgment was entered against it, on the 15th day of July, 1908. On July 22d of that year the copper company served, and on the 25th day of that month filed, a motion "to vacate and set aside the judgment against" it. The motion was "made upon the papers on file" in the cause "and upon the affidavit of F. J. Mallet." In that affidavit Mallet deposed that his name is F. J. "Mallet," not "Mallett;" that he at no time was indebted to Hewlett Bros., and at no time had any dealings with them; that he was not served with summons or other process in the action brought by them against F. J. Mallett; "that at the time certified to by the constable that service of the summons herein was made upon him," at Salt Lake City, "your affiant was in the Hawaiian Islands;" and that he had no knowledge that Hewlett Bros. had brought any action against him until in July, 1908, when the garnishment was served on the Utah Copper Company. Counter affidavits were filed on behalf of Hewlett Bros. that the deponent Mallet and the person served with summons and against whom judgment was had in the case was the same person, and that he, at the time of the purported service and return of the constable, was in Salt Lake City. Upon a hearing of the motion the city court made and entered the following order or judgment: "Garnishee's motion to set aside the garnishee judgment herein and to release the garnishment came on regularly, Attorney H. S. Harper appearing in behalf of the plaintiff and Attorney F. B. Scott appearing in behalf of the garnishee, Utah Copper Company. F. J. Mallet was sworn and testified, and plaintiff introduced as evidence the affidavit of F. G. Luke and E. G. Hines. The motion was now argued to the court by the attorneys for the respective parties, and the court, having considered the same and being now fully advised in the premises, ordered that the said motion be granted, and that the garnishee judgment herein be set aside, and that the garnishment levied by virtue of the

execution issued on July 11, 1908, be released." Hewlett
Bros. thereupon filed an affidavit in the district court for a
writ of review in which it was deposed, among other things,
that the Utah Copper Company was garnisheed, and a judg-
ment entered against it upon its answer admitting an in-
debtedness to F. J. Mallett in an amount for which judgment
was taken against it; "that no motion for a new trial or to set
aside the default therein was made by either defendant (Mal-
lett or the Utah Copper Company) or any person or party
to said proceeding;" but the city court, nevertheless, "made
and entered an order in said cause purporting to set aside the
said judgment against the said garnishee and to release the
garnishment;" and that in doing so the city court exceeded
its jurisdiction. Upon the filing of the affidavit of such peti-
tioners, the district court directed the city court to certify
and return to it a transcript of the record and of the pro-
ceedings. A transcript of such record was certified and re-
turned to the district court. Upon a review of it, the order
or judgment of the city court, setting aside the judgment
against the garnishee and releasing the garnishment, was
affirmed. From that judgment of the district court Hewlett
Bros. has prosecuted this appeal.

The statute (Comp. Laws 1907, section 3113) provides
that motions for new trials may be made in the same time
and manner and shall be allowed for the same grounds in
garnishment proceedings as in other civil trials; and that ap-
peals may be taken and prosecuted from any final judgment
or order in such proceedings as in other civil cases. There
is also another statute (section 686x29) which provides that
the sections of the Code of Civil Procedure relating to the
rules and practice and mode of procedure in the district court
and providing for provisional remedies and prescribing the
practice and procedure in special proceedings, and all the
laws of this State, except as in the chapter creating the city
court otherwise provided, are applicable to the city court with
the necessary changes and substitutions. It will be observed
that the grounds of the motion to set aside the judgment were
not stated. No objection, however, was made in the city

court for that reason. The court proceeded to hear the motion upon affidavits and upon oral testimony. The testimony of that proceeding is not before us. Neither did the court in granting the order setting aside the judgment and releasing the garnishment state any grounds therefor. But, again, no objection was made on that ground. Hence we have a record which shows that, upon a hearing of a motion stated in general terms to set aside the judgment rendered against a garnishee, an order was made, also in general terms, setting aside the judgment and releasing the garnishment without disclosing the grounds upon which the motion was made or the order granted. While it is contended that the city court had no jurisdiction to set aside a judgment rendered against a garnishee, it is not claimed that it was without jurisdiction because no grounds for the motion were stated. The contention made by appellant is that the garnishee's motion was not for a new trial nor to set aside a default judgment, but was one seeking a collateral attack on the original judgment, and that the city court was without jurisdiction to entertain such a motion or to set aside or annul the original judgment.

The city court undoubtedly had jurisdiction to entertain a motion to set aside the judgment rendered against the garnishee and to release the garnishment, and to grant the order which was granted, setting aside and vacating, not the original judgment rendered and entered against Mallett, but the judgment rendered and entered against the garnishee, and releasing the garnishment. It had the same power in that particular that the district court has. The granting of such an order does not necessarily result from an assault on the original judgment, nor from annulling and setting aside that judgment. The order here made may have resulted from a finding that the Mallet to whom the garnishee was indebted was not the Mallet who was served with summons in the original action and against whom the judgment of Hewlett Bros. was had. We think it is not sufficiently made to appear on the record certified to and returned that the city court acted without, or exceeded, jurisdiction.

The ruling made by it may have been erroneous. If Hewlett Bros., the petitioners, were aggrieved by that, they could have taken an appeal to the district court, where the matter could have been tried anew.

The order made by the city court after final judgment in the original action, setting aside the judgment had against the garnishee and releasing the garnishment was, in effect, a dismissal of the garnishment proceedings and ended the litigation with respect thereto. Such an order so made was final within the meaning of the statute providing for an appeal in garnishment proceedings and was appealable.

The judgment of the district court is affirmed. Costs to the respondent.

FRICK, C. J., and McCARTY, J., concur.