No. 21,081.

L. B. DAVIS, *Appellant*, v. M. E. HEYNES, *Appellee.*

SYLLABUS BY THE COURT.

ATTACHMENT—*Nonresidence of Defendant—Evidence.* The decision of the trial court that the defendant, who had previously been a resident of another state, had effected a change of residence in coming to Kansas, held to be conclusive upon this court in view of his oral testimony that he came here with that intention.

Appeal from Rush district court; ALBERT S. FOULKS, judge. Opinion filed October 6, 1917. Affirmed.

*A. J. Adams, Walter T. Matson,* and *Dempster O. Potts,* all of Wichita, for the appellant.

*Elrick C. Cole, William Osmond, F. V. Russell,* and *R. C. Russell,* all of Great Bend, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: On March 7, 1916, L. B. Davis filed a petition in the district court of Rush county against M. E. Heynes, asking a judgment for $41,736.88. An attachment was levied upon real estate, and upon an affidavit of the plaintiff that the defendant was a nonresident of the state service by publication was made. The defendant appeared specially and moved to set aside the service upon the ground that he was a resident of Barton county, Kansas, and had been since a time prior to the filing of the petition. A hearing was had upon evidence, which was largely oral, and the court sustained the motion. The plaintiff appeals.

The contention of the plaintiff is that the trial court erred in deciding that the defendant was a resident of Kansas. The defendant testified that he was unmarried; that he had lived in California from January, 1911, until March, 1916, with his mother and sister, in a home which he still owned, and in which they remained; that he came to Barton county on March 4, 1916, and occupied a rented room in a house where he boarded; that one of his purposes in coming at that time was to attend the trial of an action brought against him in the district court of Barton county by the plaintiff, but that he came with

the intention of making that county his permanent residence, and that this purpose was formed before he left California. If the defendant came to Kansas with the intention of accomplishing an immediate change of residence, he was a resident of this state when the new petition was filed. It was not essential to that condition that he should own, rent or occupy a house. The character of the place in which he lodged and ate for the time being was of importance only as throwing light upon his future plans. The plaintiff urges that the admitted facts are inconsistent with the establishment of a residence in this state by the defendant. This, however, is a mere challenge of the veracity of a witness. The trial court found that the defendant told the truth when he said that he came to Barton county intending thereby to establish a permanent residence, and that decision is not subject to review by this court. The plaintiff relies largely upon the case of *Keith v. Stetter,* 25 Kan. 100, where the judgment of the district court on a question of intention as affecting residence was reversed, it being said in the opinion that "actions speak louder than words." (p. 103.) There, however, the evidence was wholly in writing, and the reviewing court had the same opportunity to judge of the veracity of the witness as the trial court, neither of them having seen him. Another somewhat similar case upon which reliance is placed is *Garlinghouse v. Mulvane,* 40 Kan. 428, 19 Pac. 798, but there the trial court made specific findings of fact, the legal effect of which was the question in controversy.

The judgment is affirmed.