No. 24,528.

THE WAMEGO STATE BANK, *Appellant,* v. DR. E. SESLER, *Appellee.*

SYLLABUS BY THE COURT.

1. ATTACHMENT—*Levy on Homestead—Attachment Discharged.* In an attachment action where the nonresidence of the defendant is the only ground for attachment, and on the hearing of a motion to discharge such attachment, it is shown that the attached property is the residence and homestead of the defendant, the attachment should be discharged.

2. SAME—*Any Interested Party May Move to Discharge an Attachment.* As a general rule, an attachment may, for any good and sufficient reason, be vacated or discharged, upon the motion of any person interested in its discharge.

3. SAME—*Attachment Properly Discharged.* The evidence examined and found sufficient to support an order of the court discharging the attachment.

Appeal from Pottawatomie district court, ROBERT C. HEIZER, judge. Opinion filed June 9, 1923. Affirmed.

*W. F. Challis,* of Wamego, for the appellant.

*A. E. Crane, of Topeka,* for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The plaintiff appeals from an order discharging an attachment levied on defendant's homestead during his absence from the state.

The facts are substantially as follows: The defendant, Dr. E. Sesler, was engaged in the buying and selling of horses and mules. In the spring of 1921, he rented his house, with furnishings, for six months, and, together with his wife and minor son, went, by automobile, to California. They expected to return by the 15th of October. During the summer he received an application to rent his property for an additional six months, and decided to remain, temporarily, in California. He owed plaintiff a note for $3,000. Some correspondence relative to payment or renewal of the note, took place between the parties, and on January 9, 1922, plaintiff filed this action against defendant and attached his real estate, consisting of a house and large barn in Wamego. The house and barn had been separated by an alley, but the alley had been vacated, so that the property was in compact form, and contained less than one acre of ground. Service was procured by publication, it being alleged in the affidavit for attachment that the defendant was a nonresident.

Subsequently, and on March 24, 1922, Mrs. Bessie Sesler, wife of the defendant, filed a motion to set aside the attachment, alleging that the property had been, for many years, the homestead of her husband and family; that defendant and his family had been temporarily absent therefrom, and that they, at no time, intended to abandon the property as their homestead; that the allegations of the affidavit for attachment were untrue. The motion was duly heard, and the attachment dissolved, the court finding that the allegations of the motion to dissolve the attachment were true.

The plaintiff urges a number of reasons why it was error for the trial court to discharge the attachment. All go, either directly or indirectly, to the power of the court to set aside an attachment of a homestead on the application of a party interested therein.

As a general rule, an attachment may, for any good and sufficient reason, be vacated or discharged, upon the motion of any person interested in its discharge. (*Rullman v. Hulse,* 33 Kan. 670, 7 Pac. 210; *Watson v. Jackson,* 24 Kan. 442; *Green v. McMurtry,* 20 Kan. 189.) Where exempt property has been seized, under an order of attachment, and such fact has been properly brought to the notice of the court, a motion to discharge such property, on the ground that it was so exempt, authorizes the court to adjudge that it be so discharged. (*Urguhart v. Smith,* 5 Kan. 447; *Rullman v. Hulse, supra.*)

In *Rullman v. Hulse,* supra, the court said:

"When the order of attachment has been issued and levied upon the property, the attachment may, in any proper case and for any good and sufficient reason, be vacated or discharged, upon motion by any person interested in its discharge. [Citations.] The statute authorizing the discharge of attachments does not create any limitations upon the reasons or grounds for the discharge of attachment, or intimate that there is any such limitations. (Civil Code, §§ 228, 229). It would, therefore, seem to follow . . . if it appeared that the grounds for the attachment are not true . . . or if the property attached . . . is exempt from judicial process, the plaintiff could not maintain his attachment as against any person interested in having it discharged, and who has made the proper motion for its discharge." (p. 671.)

The provisions of the civil code, to which reference is made in *Rullman v. Hulse,* supra, are still in effect.

In *Garlinghouse v. Mulvane,* 40 Kan. 428, 19 Pac. 798, it was said:

"Where the nonresidence of the defendant is the only ground for attachment, and on the hearing of the motion to discharge such attachment, it is clearly shown that the attached property is the residence and homestead of

42—113 Kan.

the defendant; held, error for the court to overrule the motion to discharge the attachment, although a part of the property attached may not be exempt." (Syl.)

In *Grocery Co. v. Records,* 40 Kan. 119, 19 Pac. 346, it was held that the assignee of the defendant, who had possession of attached property, might move to discharge the attachment, although not a party to the original action.

In *Elliott v. Parlin,* 71 Kan. 665, 81 Pac. 500, the court said:

"When, in an action, an attachment is levied upon real estate that had, at a prior time, long been the homestead of the defendant, on the ground that the defendant has abandoned the homestead and become a nonresident of the state, and the defendant files a motion to dissolve the attachment, alleging that the grounds set forth in the affidavit for attachment are false and untrue, the burden of proof is on the plaintiff to establish, by positive and clear evidence, that the defendant, with his family, has abandoned the homestead and become a nonresident of the state. Held, that the evidence in this case does not establish these facts." (Syl; see, also, *Fredenhagen & Shepard Co. v. Nichols* 99 Kan. 113, 110 Pac. 997; *Davis v. Heynes,* 101 Kan. 535, 167 Pac. 1142.)

In *Shattuck v. Weaver,* 80 Kan. 82, 101 Pac. 649, it was said:

"That temporary absence will not defeat the homestead right, is settled by cases too numerous to need citation. That, during the temporary absence of the owner, premises may be rented without destroying their homestead character, has been settled ever since the decision in *Hixon v. George,* 18 Kan. 253."

The evidence was ample to support the order of the court dissolving the attachment. No error is apparent. The judgment is therefore affirmed.