## GROVER v. CASH et al. (FIRST NAT. BANK OF BRIGHAM CITY, Intervener)

No. 4474.   Decided February 2, 1927.   (253 P. 676).

*LeRoy B. Young,* of Brigham City, for appellants.

*W. E. Davis,* of Brigham City, for intervener.

*Lowe & Horsley,* of Brigham City, for respondent.

THURMAN, C. J.

This action was commenced in the city court of Brigham City, Utah. In that court the plaintiff in his complaint alleged that on November 1, 1922, by written agreement with the defendant Claude Grover, he rented to him certain land described in the complaint, together with certain milch cows, brood sows, and farming implements for an annual rental of $800; that thereafter, on or about April 1, 1924, the said Claude Grover, with the consent of plaintiff, sublet to the defendant W. H. Cash a certain portion of said land, together with certain of said live stock and farming implements, with the understanding and agreement on the part of said defendants that they would pay to the plaintiff for said property, on or about October 1, 1924, the sum of $500, and with the further understanding and agreement that plaintiff would retain a first lien on all crops and all property for the payment of said rental; that said defendant W. H. Cash immediately went into possession of said property, and continued to occupy the land and farm the same during the season of 1924, and still continues in possession of the premises; that neither of the defendants has paid said sum of $500 for the premises occupied by the defendant Cash, or any part thereof, notwithstanding the same became due on October 1, 1924, and notwithstanding plaintiff has made demand therefor.

The action was commenced March 24, 1925, and an attachment was issued and served therein attaching certain hogs, cattle, and horses on the premises in possession of the defendant Cash. The First National Bank of Brigham City filed a complaint in intervention claiming the property attached by virtue of chattel mortgages executed by defendant Cash and his wife to secure the payment of certain promissory notes executed by them, payable to the intervener. There were three of said notes and mortgages; the first dated December 8, 1923, the second March 12, 1924, filed for record June 7, 1924, and the third dated October 1, 1924. It appears that all of said notes and mortgages were executed to secure the same indebtedness; the second being a

renewal of the first, and the third being a renewal of the second.

The plaintiff answered the complaint in intervention, admitting that he had had the property attached, and that the sheriff had not paid or tendered payment thereon, and also that he claimed a lien thereon by virtue of title 62, c. 5, Comp. Laws Utah 1917, the material parts of which are as follows:

"3776. Lessors, except as hereinafter provided, shall have a lien for rent due upon all of the property of the lessee not exempt from execution as long as the lessee shall occupy the leased premises, and for thirty days thereafter.

"3777. A lien for rent as provided for under this chapter shall have priority over all other liens, except taxes, mortgages for purchase money, and liens of employees for services as provided by law: Provided, however, that when a lessee shall be adjudged a bankrupt, or shall make an assignment for the benefit of creditors, or when the lessee's property shall be put into the possession of a receiver, the lien herein provided shall be limited to the rent for six months prior thereto.

"3778. Where any rent shall become due or the lessee shall be about to remove his property from such leased premises, it shall be lawful for the lessor, his attorney, agent, or assigns, to apply to a justice of the peace of the precinct, or if the rent is not less than the sum of $300, then to the district court of the district wherein the premises are situated, for a warrant to seize the property of such lessee."

The defendant W. H. Cash answered plaintiff's complaint, and denied any contractual relation whatever with plaintiff, but admitted that he was a sublessee of the defendant Claude Grover of the property in question upon the understanding that he was to pay said Claude Grover as rent the sum of $500, payable April 1, 1925. Defendant also alleged that he had a cause of action against defendant Claude Grover by way of set-off because of his failure to perform the conditions upon which he rented the property to defendant. Defendant further alleged that the plaintiff was not the real party in interest as against him, and that, because of the form of action adopted, defendant was deprived of his set-

off and right of action against the defendant Claude Grover. Finally, defendant alleged that he was a married man, had a wife and two minor children dependent upon him for support, and he therefore claimed all exempt property allowed by law; that the cows attached were the property of his wife, and therefore not subject to the attachment. His wife was made a party to the action.

It was stipulated by the parties that the sheriff of Box Elder county, who had the custody of the attached property, might sell the hogs at private sale, or otherwise, for such price as would be approved by the plaintiff and intervener, and that neither party would waive any rights, under liens or otherwise, to said hogs or the proceeds thereof because of the stipulation. It appears that the hogs were sold in pursuance of the stipulation, and the proceeds retained by the sheriff subject to the order of the court.

The case was tried to the court without a jury. The court found the issues as between plaintiff and the defendant Cash against the plaintiff, but in favor of plaintiff as against the defendant Claude Grover. As between the plaintiff and intervener the court found the issues in favor of the intervener. Judgment was therefore entered in favor of the plaintiff for the sum prayed for against the defendant Claude Grover, and in favor of the intervener as against the defendant Cash for the sum prayed for by the intervener. It was also adjudged by the court that the chattel mortgages of the intervener were first and prior liens upon the property attached, and that the attachment was wrongful, and therefore discharged. The sheriff was directed to pay the proceeds of the sale of said property to the intervener to apply on its judgment.

It also appears from a supplemental return made by the sheriff that, pursuant to a stipulation of the parties, he sold the remaining property which was attached, consisting of two cows and two horses, for the sum of $150, and that the expense of feeding and caring for the same was $103, leaving a balance of $47.

From the judgment of the city court of Brigham City plaintiff appealed to the District court of Box Elder county. In that court plaintiff, against the objection of respondents, was permitted to amend his complaint, and change the form thereof by alleging that on or about April 1, 1924, he rented the property in question to both of the defendants, and that they hired the same from plaintiff for the farming season for the sum of $500; that they agreed to pay therefor on the first day of October, 1924, with the understanding that plaintiff was to have a first lien on all crops and property on the premises for the payment of said rental.

The district court tried the case without a jury, and made findings of fact and conclusions of law in favor of the plaintiff against the defendant Cash for the amount prayed for in plaintiff's complaint; also findings and conclusions in favor of the intervener against the defendant Cash for the amount found due on the promissory notes as alleged in the intervener's complaint. The court also found that plaintiff's lien on the net proceeds of the sale of hogs was prior to intervener's mortgages, and that said proceeds should be applied in payment of plaintiff's judgment against the defendant Cash, and that the net proceeds of the sale of the horses and cows, to wit, $47, should be applied as a payment on the judgment of the intervener against Cash. Defendants Cash and wife and the intervener appeal to this court for a reversal of the judgment. Numerous errors are assigned.

It is contended by appellants that the court erred in permitting plaintiff to amend his complaint in the district court. It is earnestly insisted that by the amendment a new and different cause of action was alleged.

It is elementary that a new cause of action may not be alleged under the guise of an amendment. The district court, on appeal, is authorized to allow amendments to pleadings on the same terms and conditions and to the same extent as in cases originally commenced in that court, and all such cases therein are tried de novo. Comp. Laws Utah 1917, § 7515. The pleadings must be

liberally construed with a view to substantial justice between the parties. Section 6596, *Id.*

In the city court the plaintiff sued both defendants for the rental value of the property occupied under an alleged oral agreement that they would pay plaintiff therefor the sum of $500 on or about October 1, 1924, and with the further understanding that plaintiff should retain a first lien on all crops and all property for the payment of said rental. Stripped of all surplusage, that, in our opinion is the plain meaning of the complaint filed in the city court. The complaint as amended in the district court is exactly to the same effect. The surplusage is omitted, and that is the only change.

Appellants state the following as a proposition of law:

"An amendment to a pleading is properly allowed when the nature of the action is not changed nor one cause of action substituted for another nor an additional cause therein stated."

Such, in effect, is the rule announced by this court in *Casady* v. *Casady*, 31 Utah, 394, 88 P. 32, cited by appellants. They also cite *Fell* v. *U. P. R. R. Co.*, 32 Utah, 101, 88 P. 1003, 28 L. R. A. (N. S.) 1, 13 Ann. Cas. 1137. In both of these cases an amendment was allowed, and we find nothing in either case tending to sustain appellant's contention in the case at bar. The following authorities relied on by appellants sustain the rule that there is no privity of contract between the lessor and an undertenant of the original lessee. 36 C. J. p. 379, § 1244; notes in L. R. A. (N. S.) 976; *Lunsford* v. *McCann*, 67 Okl. 196, 169 P. 871; *Kimbriel* v. *Montgomery*, 28 Okl. 743, 115 P. 1013.

In C. J., supra, it is said:

"Between the lessor and an undertenant of the original lessee there is neither privity of estate nor privity of contract. The lessor therefore cannot sue the undertenant upon the lessee's coveant to pay rent unless the undertenant has assumed the lease."

Such is, unquestionably, the law. In the complaint filed in the city court, while the plaintiff alleged a written agreement with Claude Grover to rent him the entire property and a subletting of part of it by Claude Grover to the defendant Cash with plaintiff's consent, plaintiff also alleges an agreement between plaintiff and both defendants to the effect that they would pay plaintiff $500 on or about October 1, 1924, as rental for the part occupied by Cash, and that plaintiff might have a lien therefor. It is clear, therefore, that the written agreement between plaintiff and Claude Grover has no bearing in the case between plaintiff and the two defendants for the property occupied by Cash. That was a separate and independent agreement made by both of them directly with the plaintiff. For these reasons we hold that the allegations in the complaint in the city court respecting the written agreement between plaintiff and the defendant Claude Grover are mere surplusage as far as concerns plaintiff's cause of action against the defendants for the rent due for the property occupied by the defendant Cash.

Respondent calls our attention to numerous authorities in support of his contention that the amendment was properly allowed, among which are the following: Bliss on Code Pleading (3rd Ed.) 429, in which it is said: "Courts should be very liberal in allowing amendments to the end that the cases may be fully and fairly presented on their merits. The power of amendment of pleadings is great under the code. The limitations seem to be that the amendment shall not bring a new cause of action." *Hancock* v. *Luke*, 46 Utah, 26, 148 P. 452, in which the above excerpt from Bliss is quoted with approval; *Todd* v. *Bettingen*, 102 Minn. 260, 113 N. W. 906, 18 L. R. A. (N. S.) 263; *Detroit Vapor Stove Co.* v. *J. C. Weeter Lbr. Co.*, 61 Utah, 503, 215 P. 995, 29 A. L. R. 659, and *Mumford et al.* v. *Hartford Acc. & Ind. Co.*, 64 Utah, 24, 228 P. 206.

In the case last cited the court, at page 30 (228 P. 208) says:

"It is doubtful, in the instant case, if the amendment brought in a new cause of action. It is more accurate to say it is a different description of the same cause of action. Plaintiffs sued defendant because the commission failed to account to plaintiffs for certain sales of cattle made to the commission. By their amended complaint plaintiff sued defendant because the commission failed to account for sales made to other parties for shipment to the commission under such circumstances as rendered the commission liable to account to plaintiffs therefor. In both instances the foundation of the action and grievance complained of is the failure of the commission to account to the plaintiffs for the sale of the cattle. We do not think there was such a departure as justified this court in holding that a new cause of action was brought in by the amendment."

No error was committed by the district court in allowing plaintiff to amend his complaint.

The district court found against the allegations of defendant Cash's answer that he subleased the property in question from the defendant Claude Grover, but on the contrary, found that defendant Cash entered into possession of the property under his agreement with the plaintiff.

These findings are challenged by appellants on the grounds that they are not supported by the evidence. We have read the transcript of the evidence with considerable care, and find it exceedingly conflicting, especially the testimony of the parties to the action. Even assuming that this is an equity case, as contended by appellants, we do not feel authorized to hold that the findings are against the clear preponderance of the evidence. This assignment is therefore not sustained.

The trial court also found that the chattel mortgages of the interevener did not cover or include the hogs described in plaintiff's writ of attachment. This finding is also assigned as error on the grounds that it is contrary to the evidence. We find here the same condition as that described relating to the findings we have just reviewed. The evidence is conflicting and unsatisfactory. The burden was on the intervener to prove that the property attached by plaintiff was covered by its chattel

mortgages. We are of opinion the trial court was warranted in finding that the intervener had failed to discharge the burden.

The trial court also found that the sheriff of Box Elder county did not pay or tender payment to the intervener of the amount of its mortgage debt prior to the attachment. It is contended by appellant that such payment should have been made or tendered as provided by Comp. Laws 1917, § 476. This contention of appellants is answered by the further finding of the court that plaintiff's lien for rental is a prior lien over the claim of the intervener as to the net proceeds of all hogs taken under the attachment, and that plaintiff is entitled to all of said proceeds for the payment of his judgment for rental.

It necessarily follows as matter of law that, if plaintiff's lien is prior to that of intervener's the sheriff was not required to tender payment of the mortgage debt. See section 3777, hereinbefore quoted, which makes a lien for rent a prior lien.

Finally, the court found that the two horses and two cows attached by plaintiff were covered by intervener's chattel mortgage, and that the intervener was entitled to the proceeds thereof; that said horses and cows were sold for the sum of $150, and that the expense incident to the care and sale of said horses and cows was the sum of $103, leaving a net balance of $47 to be paid to the intervener on its mortgage. Appellants assail this finding on the ground that it is contrary to law.

If the horses and cows were covered by the intervener's mortgage, as found by the court and the intervener is entitled to the proceeds thereof, then it follows that plaintiff's attachment as to such property was wrongful. In these circumstances it is difficult to see upon what theory of law the court could charge against the proceeds of the property the expense incident to the care and sale thereof. The authorities cited by appellants to the effect that in such cases the expense is chargeable to the plaintiff amply support their

contention. 6 C. J. 371. The cases cited in the note sustain the text. The intervener is entitled to the entire proceeds of such sale, and is not chargeable with the expense incident thereto.

We have considered all the errors relied on by appellants, and are of opinion that the judgment of the trial court should be affirmed, except as indicated in the opinion.

It follows, therefore, that the judgment of the plaintiff, and also the judgment of the intervener against the defendant Cash, should be, and the same are hereby, affirmed, with costs taxed against said defendant. The cause is remanded to the trial court, with directions to apply the proceeds of the sale of the property towards the satisfaction of said judgments in accordance with this opinion. As between the plaintiff and the intervener no costs are allowed.

CHERRY, STRAUP, and HANSEN, JJ., and PARKER, District Judge, concur.

FRICK, J., absent on account of illness.