## SARGENT v. UNION FUEL COMPANY.

No. 2114.   Decided April 26, 1910 (108 Pac. 928).

1. DISMISSAL AND NONSUIT—GROUNDS—ESTOPPEL.   Decedent died leaving a widow, and she sued as widow and sole heir for wrongful death.   Thereafter she, having been appointed administratrix of decedent's estate, moved to amend by adding herself as administratrix as party plaintiff.   This was allowed, and defendant again answered the amended complaint, and, after the jury was impaneled, plaintiff, without objection, was permitted to again amend by striking her individual name as a party plaintiff from the record.   *Held,* that defendant, having permitted such amendments without objection, was estopped to demand a dismissal of the action on the ground that one party had been substituted for another.   (Page 395.)

2. PARTIES—SUBSTITUTION.   In an action for wrongful death, the substitution of decedent's personal representative for decedent's widow as plaintiff was not a violation of the rule forbidding a substitution of parties which operates to change the original causes of action.[1]   (Page 395.)

3. APPEAL AND ERROR—REVIEW—QUESTIONS NOT MADE AT TRIAL.   Where, in an action for death, the amended complaint alleged that the widow was the sole heir, but no objection was made at the trial that the evidence showed that decedent left surviving his widow and his father, it could not be first claimed on appeal that the court should have granted a motion to dismiss because of such variance.   (Page 396.)

4. PLEADING—AMENDMENT—NEW ISSUES.   Where, in an action for death of a servant in a mine, the complaint alleged that defendant permitted the roof to be dangerous, and negligently failed to timber it or in any manner support the roof or provide against its dangerous condition, by reason of which a large mass of rock fell and killed deceased, the court did not err in permitting a trial amend-

[1]Pugmire v. Diamond Coal & Coke Co., 26 Utah 115, 72 Pac. 385.

ment by inserting the words "and because the pillars of the mine had been and were being withdrawn therefrom," objected to on the theory that such language interposed a new issue, defendant not having claimed surprise, or that it was unprepared, and not having asked for a continuance or postponement.   (Page 397.)

5. MASTER AND SERVANT—DEATH OF A SERVANT—MINES—ACTION—EVIDENCE.   In an action for the death of a miner who was struck by rock falling from the roof of a tunnel, evidence that rock and earth had fallen from the roof at different times prior to the accident and at other places was admissible to show the character of the ground and the necessity of timbering or otherwise supporting the roof, and notice to defendant of the defective and dangerous conditions.   (Page 397.)

6. APPEAL AND ERROR—EVIDENCE—HYPOTHETICAL QUESTIONS—REVIEW. Where error was assigned on the admission of evidence in answer to hypothetical questions over an objection that the questions assumed facts not in evidence and that facts in evidence were not embraced in the action, but counsel, after the question had been reformed to meet his objections, did not point out either at the trial or on appeal what facts were erroneously included or omitted, the assignment would not be reviewed.   (Page 398.)

7. APPEAL AND ERROR—OBJECTION NOT MADE AT TRIAL—RULINGS ON EVIDENCE.   An objection to evidence not made at the trial will not be considered on appeal.   (Page 399.)

8. APPEAL AND ERROR—RULINGS ON EVIDENCE—MOTION TO STRIKE—NECESSITY.   Where the cross-examination disclosed that an expert's opinion was based partially on what plaintiff's counsel had told him out of court, as well as the facts assumed in a hypothetical question, but no motion was made to strike the testimony at the trial, its admissibility could not be reviewed on appeal.   (Page 399.)

9. TRIAL—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.   Where there is no evidence on which to predicate a request to charge, it may be properly refused.   (Page 400.)

10. APPEAL AND ERROR—QUESTIONS AVAILABLE—EXCESSIVE VERDICT. That the verdict was excessive and was given under the influence of passion and prejudice cannot be reviewed on appeal.   (Page 400.)

Appeal from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by Rose C. Sargent, as administratrix of the estate of George Lorenzo Sargent, deceased, against the Union Fuel Company.

Judgment for plaintiff.    Defendant appeals.

AFFIRMED.

*Mathoniah Thomas* and *W. J. Barrette* for appellant.

*Evans & Evans* and *David Evans* for respondent.

STRAUP, C. J.

This is an action to recover damages for wrongful death. From a judgment entered upon a verdict rendered in favor of the plaintiff the defendant appeals. The deceased was a married man and left no issue. By section 2912, Comp. Laws 1907, it is provided that, "when the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs, or his personal representatives for the benefit of his heirs, may maintain an action for damages against the person causing the death." The action was commenced in the name of Rose C. Sargent, the deceased's widow. It was alleged in the complaint that the deceased left no issue, and that she was his widow and sole heir. A demurrer was interposed to the complaint on the ground, among others, that the plaintiff had not the legal capacity to sue. The demurrer was overruled. The defendant answered, pleading to the merits. Thereafter the plaintiff proposed an amended complaint wherein Rose C. Sargent, administratrix of the estate of the deceased, was added as a party plaintiff. In the amended complaint it was alleged that she was the duly appointed, qualified, and acting administratrix of the estate, and that she was the widow of the deceased and his sole heir. The amended complaint was allowed and filed with the consent of the defendant. The defendant again answered, pleading a general denial, contributory negligence, and assumption of risk. After the jury was impaneled the plaintiff again proposed an amendment to the amended complaint by striking out the individual name of Rose C. Sargent as a party plaintiff. In response to an inquiry from the court, the defendant's counsel stated that there was no objection to the amendment, and thereupon it was allowed.

The complaint, as amended, then stood in the name of the administratrix in her representative capacity, and contained the allegations that she was the widow of the deceased and the sole heir and beneficiary of the estate. The defendant then moved to dismiss the action "on the ground that an entirely different plaintiff has been substituted for the one that originally brought the suit." The court denied the motion. Complaint is made of this ruling.

No complaint is made of the proceedings by which the administratrix was made a party to the action, nor the individual name of the widow stricken as a party; nor could the defendant well complain, of them because of its consent to the rulings in that regard. If the defendant had cause for complaint, it ought to have made it when leave was asked to make the administratrix a party to the action. The defendant, having consented to the amendments making the administratrix in her representative capacity a party, and striking the individual name of the widow as a party, cannot thereafter be heard to assert that one party has been substituted for another, and seek to dismiss the action on such ground. To allow that is to permit it to take inconsistent positions. If there was a substitution of parties, the defendant consented to it when it consented to the amendments. Furthermore, in the case of *Pugmire v. Diamond Coal & Coke Co.,* 26 Utah, 115, 72 Pac. 385, it was held by this court that, in an action for wrongful death, the personal representative could be substituted in place of the widow and children, and that such substitution was not in violation of the general rule forbidding a substitution of parties which operates to change the original cause of action. While it was alleged in the original and amended complaint that the widow was the sole heir, it was, however, shown by the evidence that the deceased left surviving him his widow and his father. But no complaint was made of that to the court below, and no action of the court invoked in respect of it. Counsel, however, in argument here attempt to make much of it in support of their contention that the court erred in denying the motion

to dismiss the action. Such observations have no pertinency to the question in hand. A defendant might as well before trial move the court to dismiss the action upon **3** alleged grounds that the allegations of the complaint are untrue. We think no error was committed in the ruling complained of.

. The defendant was engaged in operating a coal mine and in mining and removing coal therefrom. The deceased was in its employ, engaged in hauling cars loaded with coal along an underground tunnel from the place where the coal was dug to the place where it was hoisted to the surface. It was alleged in the complaint that the ground above the tunnel was loose, broken, and insecure, and that timbers were required to protect the roof of the tunnel and to prevent earth and rock from caving and falling therefrom, and that the defendant suffered and permitted the roof to be insecure and dangerous and "negligently and carelessly failed to timber or in any manner support said roof, or in any manner provide against the dangerous condition thereof," by reason of which a large mass of earth and rock fell from the roof and struck the deceased and killed him. On the day of the trial, and before the jury was impaneled, the plaintiff asked leave to amend the complaint by inserting the words "and because the pillars of said mine had been and were being withdrawn therefrom." With such amendment the complaint then read to the effect that the rock and earth which struck the deceased fell by reason of the negligence of the defendant in failing "to timber or in any manner support said roof, or in any manner provide against the dangerous condition thereof" (as stated in the complaint before the proposed amendment), "and because the pillars of said mine had been and were being withdrawn therefrom," as added by and stated in the amendment. The defendant objected to the amendment on the ground that it introduced a "new and different charge of negligence." The court, in overruling the objection and allowing the amendment, observed that "that evidence could be introduced without the amendment." Complaint is made of this ruling. It is urged by the ap-

pellant that "it should not have been forced to the trial of an issue withheld from its knowledge and then sprung at the moment of trial." We think the ruling was right. No new issue was presented by the amendment. Furthermore, the defendant did not then claim that it was taken by surprise, or that it was unprepared, nor did it ask for a continuance or postponement. It cannot be heard to make such claim now.

Over defendant's objections, plaintiff was permitted to show that rock and earth had fallen from the roof of the tunnel at different times prior to the accident, and at places other than the place of the accident. We see no error in these rulings. Such evidence was admissible as tending to show the character of the ground, the necessity of timbering or otherwise supporting the roof, and notice to the defendant of the defective and dangerous conditions.

Lengthy hypothetical questions were propounded by plaintiff to expert witnesses examined in her behalf and their opinions asked with respect to the usual method of timbering under the conditions assumed, and they were asked "What in your judgment as an experienced miner should have been done in order to render" the roof "reasonably safe so that rock" sloughing or breaking off "would not be falling," and to prevent rock and earth from falling? Over the objections of defendant, the witnesses were permitted to answer, to the effect that the usual method was "by putting square sets of timbers in and lagging over the top." The objections made at the trial were that the hypothetical questions proposed were indefinite, included some things not in evidence, excluded others in evidence, and that the witnesses had not qualified. No objection was made, nor is it contended, that the questions called for opinions or conclusions of an issued to be tried, and upon which the decision of the case depended, nor is it here claimed that the witnesses had not properly qualified, except that they had not been in the mine, and had no personal knowledge of the conditions assumed in the questions. We therefore pass that. When the objection was interposed to the question propounded to

the first witness, the court inquired of counsel for the defendant "what facts are assumed in the hypothetical question of which there is no evidence?" Counsel replied: "Perhaps I would better put it that it bears on the indefiniteness" with respect to the frequency of the falling of the rock, and that "no condition is involved as to the kind or character of the rock, conditions with relation to coal, the relation of the soil, its dryness or dampness, seams or no seams, hardness or softness of the rock." The question was then reframed, embracing such conditions. The defendant still objected on the same grounds. The objection was overruled, and the court took the answer of the witness. Upon an objection made to the question propounded to the second witness, the court again inquired of counsel what facts were assumed in the question which were not in evidence. Counsel replied: "I do not think that we are called upon to suggest what it should be or in what respect it fails." The court indicating a different view, counsel suggested that there was not any evidence "as to the consistency and the character of the soil and the rock in that place, and as to its condition with relation to cracks and crumbling." Again, the question was reframed embracing such conditions. The defendant still objected on the same grounds, which objection was overruled and the answer of the witness received. These rulings are also complained of.

The appellant still asserts that "the questions did not include all, or even substantially all, of the facts brought out in the evidence." No attempt is made to inform us what facts were assumed in the question which were not in evidence, or what facts in evidence were not embraced in the question. If after the questions were reframed counsel were unable to point out any to the trial court and are unable to do so now, we think they no longer have cause for complaint in that regard.

Further complaint is made with respect to the testimony of one of these witnesses upon the alleged ground that his answer was based "not upon the alleged facts in the hypothetical question, but a statement of alleged conditions made

to him out of court." No such complaint was made to the court below. It is here made for the first time. The witness on cross-examination was asked if the attorneys for the plaintiff had not talked with and described to him the conditions of the tunnel and entryway, and asked his opinion. He replied that they had and that he told them his opinion. He was then asked if he did not come into court with that opinion, and if his answer which he made in response to the hypothetical question propounded to him was not partly based on what was told him out of court, and partly upon the question propounded to him, and he replied that it was. Counsel, however, made no motion to strike the testimony of the witness, nor did they otherwise ask any ruling of the court or raise any question in respect of the testimony in such particular, nor was the court in any manner given an opportunity to rule thereon. If counsel at **7, 8** the trial were content to let the testimony of the witness remain notwithstanding such showing on the cross-examination, they must be content now.

It is also urged that the defendant's motion of nonsuit ought to have been granted on the ground that the evidence was insufficient to show negligence on the part of the defendant, and that it conclusively appeared that the deceased assumed the risk. All counsel have to say in support of the first is that the substance of the evidence on behalf of the plaintiff, except the testimony of the experts, "was a narrative of the occurrence of the accident and a description of the physical conditions in the mine. There was no hint in any of that testimony that these onditions were other than the usual conditions in coal mines, or that the accident was other than one of the unfortunate occurrences in what is recognized by all as an extremely hazardous employment," and that the plaintiff tried but failed "to supply the deficiency by testimony of the experts." In support of the second, all that is said is "it appeared from plaintiff's own evidence that the hazards of the business were open and apparent, and that, if the deceased had the intelligence claimed for him, he could not help realizing them, and therefore assumed the risk of

them." Counsel have not referred us to any evidence where these things are made to appear, nor have they attempted to do so; nor have they attempted to point out in what particular the evidence lacked in essential facts to show negligence on the part of the defendant, except to urge us that the conditions of the defendant's mine as shown by plaintiff's evidence were no worse than those found in other mines. Notwithstanding the failure of counsel in such particulars, and of the additional burden cast upon us in consequence of it, we have nevertheless examined the record, and find that all the essential averments of the complaint with respect to the defendant's negligence are sufficiently supported by the evidence to carry the case to the jury, and that the question of assumption of risk was also one of fact. No error was therefore committed in submitting the case to the jury.

Error is also assigned upon the ruling of the court in refusing to give certain requests of the defendant. They are to the effect that if the deceased was not at the place where the rock and earth fell upon him in the discharge of duties assigned to him, and if he voluntarily assumed to labor at such place when he was required and instructed by the defendant to labor elsewhere, the plaintiff could not recover. We find no evidence upon which to predicate such a charge. The requests were therefore properly refused.

It is also contended that the verdict is excessive, and was given under the influence of passion and prejudice. We have so frequently held such a question not reviewable here that it is useless to longer urge it.

We are of the opinion that the judgment of the court below ought to be, and it accordingly is, affirmed, with costs.

FRICK and McCARTY, JJ., concur.