KELLER v. GERBER (GERBER, Intervener).

No. 7198.  Decided November 16, 1948.  (199 P. 2d 562.)

See 54 C. J., Replevin, sec. 179; 46 Am. Jur. 50; Mere possession in plaintiff as basis of action for taking or damaging personal property, note, 150 A. L. R. 163.

*Mark Hammond,* of Price, for appellants.

*Dart & Sheya* and *Ruggeri & Gibson,* all of Price, for respondent.

WOLFE, Justice.

Appeal by the defendant and intervener from a judgment in favor of plaintiff and against defendant in a claim and delivery action, and in favor of plaintiff, no cause of action on defendant's counterclaim and the intervener's complaint in intervention. The judgment was on a directed verdict.

The facts, insofar as material here, are as follows:

Plaintiff commenced this action in claim and delivery against defendant, alleging that at and during all the times hereinafter mentioned, to wit:

"the 18th day of October, 1945, and at all times thereafter, the plaintiff was entitled to possession, and now is entitled to possession at the time of the commencement of this action, of the following described personal property * * * [one truck which is described]."

To the complaint no demurrer was interposed, but defendant filed an answer and counterclaim, and intervener, with leave of court, filed a complaint in intervention.

At the outset of the trial, and before any evidence was received, counsel for defendant and intervener objected to the receiving of any evidence on the grounds that the complaint did not state a cause of action, without pointing out

to the court wherein, or in what respect the complaint was deficient. The objection was summarily overruled, and plaintiff put in his evidence. Defendant and intervener rested without offering any evidence in support of their respective pleadings. Counsel for plaintiff moved for a directed verdict, and so likewise did counsel for defendant and intervener. The basis of the latter's motion was that plaintiff's complaint was fatally defective in that there was no allegation of ownership in plaintiff, and therefore all evidence admitted was incompetent. Thereupon the trial court granted leave to plaintiff to amend his complaint, and plaintiff amended by interlining an allegation of ownership. At the same time, the court offered to permit defendant and intervener to put in proof, but said offer was declined by their counsel. The court then directed a verdict for plaintiff as heretofore indicated.

Appellants have set forth six assignments of error, but the last four of them are dependent on the first two; and therefore our ruling on the first two will be determinative of the case. The rulings of the court attacked by the first two assignments are:

(1) Overruling defendant's objection to the admission of evidence in support of plaintiff's complaint.

(2) Allowing the plaintiff to amend his complaint after resting his case.

The authorities are practically unanimous in holding that in a claim and delivery action plaintiff must allege not only right to immediate possession, which standing by itself is a mere conclusion of law, but must also allege ownership in himself, either general or special. Plaintiff's complaint was undoubtedly technically defective prior to the amendment by interlineation. Bliss on Code Pleading, 3d Ed., 335, Sec. 212; 54 C. J. 506, Replevin, Sec. 180; *Bush* v. *Bush,* 55 Utah 237, 184 P. 823; 46 Am. Jur. 51, Replevin, Sec. 90.

The issue of the sufficiency of the allegations of the complaint to state a cause of action is one which may be raised at any stage in the proceedings and may even be raised for the first time on appeal. However, where the failure to plead a required allegation might have been revealed at the threshold of a case, and a cure then effected, an appellate court on the far end of the course of the litigation will hesitate to reverse. This is especially true where the omission is technical and it appears that the issue to be raised thereby was litigated in the proof stage of the case, or where the reviewing court may justifiably hold that the issue, though not joined by the pleadings, was actually litigated by evidence introduced or by direct or implied admission of the fact in regard to which allegation is missing. Candor and fairness require that defects in the pleadings be called to the attention of the court and the opponent at the earliest possible stage in the proceedings, so that curative amendments, if possible, may be made, to the end that law suits may be disposed of on their merits, and in accordance with the rights of the parties, rather than upon the cleverness of counsel engaged. Of course, there may be cases where counsel does not discover the defect until the later stages of the proceedings, but ordinarily the procedure most favorably viewed by the courts is to raise the issue of the sufficiency of the complaint by general demurrer. Although our statute does not require that a general demurrer point out wherein the complaint is defective, counsel, as an officer of the court, should indicate specifically to the judge wherein he believes the complaint is insufficient.

There is no doubt that in this jurisdiction, as in most of the code jurisdictions, defendant may, by objection to the receiving of evidence, raise the issue of the sufficiency of the plaintiff's complaint to state a cause of action. However, this a procedure which is not looked upon with favor by the courts; it is merely tolerated. And it has been said that where such an objection is made,

counsel has the duty of pointing out to the court wherein he considers the complaint defective. 49 C. J. 822, 823, Sec. 1217. As stated by the Supreme Court of Kansas in *Clark* v. *Linley Motor Co.*, 126 Kan. 419, 268 P. 860, 861:

"The rule has frequently been announced and should be applied here that whenever a litigant has a meritorious proposition of law which he is seriously pressing upon the attention of the trial court, he should raise that point in such clear and simple language that the trial court may not misunderstand it, and if his point is so obscurely hinted at that the trial court quite excusably may fail to grasp it, it will avail naught to disturb the judgment on appeal."

See also *State Bank of Commerce of Clayton* v. *Western Union Telegraph Co.*, 19 N. M. 211, 142 P. 156, L. R. A. 1915A, 120.

As heretofore noted, defendant and intervener did not demur to the complaint. And at the time the objection to the reception of evidence was made, they did not offer to show in what respect the complaint was defective. After both sides had rested, and during the argument on the motions for directed verdict, defendant and intervener revealed, for the first time, what they considered to be the fatal deficiency in the complaint. After some discussion, the court granted to plaintiff leave to amend his complaint by interlineation, so as to cure the defect. The court then offered defendant and intervener an opportunity to put in proof, which offer was declined. Nor did they ask for a continuance.

The rules governing amendment of pleadings are very broad and liberal in this state. Sec. 104-14-4, U. C. A. 1943, provides, insofar as material here, as follows:

"The court may, in furtherance of justice and *on such terms as may be proper*, allow a party to amend any pleading * * * by correcting a mistake * * * in any * * * respect * * *." (Italics added.)

Under this statute the "trial court has a broad discretion in the matter of amendments to pleadings." *Johnson* v.

*Brinkerhoff,* 89 Utah 530, 57 P. 2d 1132, 1137. Amendment of pleadings to conform to the proof is not strange to our rules of procedure, and in some cases we have permitted amendment of the pleadings even after a memorandum decision had been rendered. *Watson* v. *Deseret Irr. Co.,* 110 Utah 78, 169 P. 2d 793. As pointed out in *Hartford Acc. & Indemnity Co.* v. *Clegg,* 103 Utah 414, 135 P. 2d 919, 923, the trend of the decisions in this state is to allow

"amendments to pleadings for purposes of permitting complete adjudication of matters in controversy, i. e. to permit disposition of the case on its facts rather than on its pleadings."

It is apparent from an examination of the record that the failure of plaintiff to allege ownership of the truck was due either to inadvertence, or to belief that such allegation was not necessary. It is equally clear that if, at the time objection to the evidence was made, counsel had stated the reason for his contention that the complaint was defective, such defect would have been cured by appropriate amendment. As soon as the defect was called to the attention of the court, (after all the evidence was in), a curative amendment was permitted.

Under the practice in this state, as established by the statutes and cases above cited, wide latitude is granted the trial court in permitting amendments to pleadings, and so long as there is no abuse of discretion, such rulings will not be overturned.

In this case there is nothing to indicate that defendant and intervener, were in anyway misled by the defect in plaintiff's complaint. On the contrary, it affirmatively appears that they knew and understood that plaintiff claimed ownership of the truck. After the amendment to the complaint was made, the court granted them an opportunity to put in evidence to meet the issue. They did not accept the offer, nor did they ask for a continuance or for time in which to produce evidence to meet the issue raised by the amend-

ment. There is no showing that defendant and intervener did not have a full and fair opportunity to meet every issue tendered by the plaintiff, or that they were in any way prejudiced by the rulings of the court.

If the trial court were guilty of error at all in receiving evidence in support of plaintiff's complaint, such error must be regarded as mere technical error, and in the end, under the developments subsequent to the ruling, was not prejudicial to the defendant or intervener. And it cannot be said that the court erred in permitting the amendment to the complaint after both parties had rested, when no prejudice has been shown.

The judgment is affirmed. Costs to respondents.

McDONOUGH, C. J., and PRATT and LATIMER, JJ., concur.

WADE, Justice, (concurring in result).

I concur with the result and generally I have no objections to the reasoning in the prevailing opinion. I think that Sections 104-14-1 and 2, U. C. A. 1943, expressly provide that in this type of case the court may do just what was done here and therefore there is no reason to rely on Section 104-14-3, U. C. A. 1943 quoted in the prevailing opinion. The latter section is merely a general statute on amendments but these other sections deal with this exact situation. I also think there is no occasion to require that this type of objection be raised early in the proceeding. This was an immaterial variance between the pleading and the proof. In such case, under our statutes it should make no difference whether this type of objection was raised early or late in the proceeding or not at all. Clearly the pleadings were sufficient to confer jurisdiction on the court and to sustain a judgment and therefore it was the duty of the court to find the facts in accordance with the evidence whether such objection was raised or not. Under the above mentioned

statutes, the court could either disregard the objection or allow an amendment no matter when the objection was raised.

Section 104-14-1 and 2, which I have rearranged because both of them deal with the same subjects, and from which I quote from both in the same sentence without changing their meaning, provide that:

"No variance between the allegations and the proof is deemed material unless it has actually misled the adverse party to his prejudice,"

and that where

"the allegation of the claim or defense to which the proof is directed is unproved, not in some particular or particulars but only in its general scope and meaning it is not to be deemed a case of variance but a failure of proof,"

however in cases

"where the variance is not material * * * the court may direct the facts to be found in accordance with the evidence, or may order an immediate amendment,"

but when

"it appears that a party has been misled, the court may order the pleadings to be amended upon such terms as may be just."

These provisions in substance provide: That a variance between the allegation and proof is not material unless it has actually misled the adverse party to his prejudice. That in order to have a failure of proof there must be more than a failure to prove the allegation in one or more particulars, there must be a failure to prove the allegation in its general scope and meaning. That in case of an immaterial variance, the court must find the facts in accordance with the evidence and may in its discretion, order an amendment to conform with the proof. However, even in cases where there is a material variance, that is where the adverse party has actually been misled, the court may still allow an amendment but in doing so it must see that the party who has been

misled by the pleadings must be given a full and fair opportunity to prepare and present his case.

Here the plaintiff alleged only that he was entitled to the immediate possession of the property in question but the proof showed that he was the actual owner thereof. The court allowed an amendment to conform with the proof. There is no claim that plaintiff was actually misled by this variance, nor is it claimed that there was a failure of proof. What the defendant claims is that the allegation of right to immediate possession is an allegation not of the ultimate fact but is a mere conclusion of law and therefore the action must be dismissed because the complaint, without the amendment does not state facts sufficient to constitute a cause for action. There are cases which hold that a general allegation of ownership is an allegation of the ultimate fact, but that such an allegation of the right of immediate possession is merely a conclusion of law. The dividing line between an allegation of an ultimate fact and a conclusion of law is often very indistinct and hard to determine. In reality there is no definitely defined difference between the two but the difference is only in degree. The test usually is whether the adverse party is sufficiently informed of the nature of the claim which is made against him. In principal these two allegations are of exactly the same nature. Here the defendand could not be and was not misled by this allegation. Under such circumstances, the court did just what the above statutes direct.

Had the defendant claimed that he had been misled it was his duty to make that claim as soon as the fact became apparent to him. But where, as here, he has not been misled, it is immaterial whether he makes his objection early or late, because it is the duty of the court under those statutes to find the facts in accordance with the proof and may or may not allow the amendment. Since this objection was made and it was claimed that the complaint did not allege facts but mere conclusions of law, it was appropriate for the court to allow the amendment.